## WOODBURN v. WOODBURN.

[No. 7,253.    Filed May 31, 1911.]

1. DIVORCE.—*Alimony.*—*Discretion of Court.*—*Statutes.*—The trial court, in a divorce case, is required by statute (§1083 Burns 1908, §1045 R. S. 1881) to render a judgment for such amount of alimony as the circumstances show to be just and proper; and the trial court's decision will not be reversed on appeal except for abuse of discretion. p. 697.

2. DIVORCE.—*Alimony.*—*Excessive.*—Where a husband was guilty of such drunkenness and cruel treatment as to compel his wife to leave him, a judgment for alimony for $2,250, and $150 for attorney's fees, is not excessive, where she supported herself after the separation for seven years, and the net value of his property was about $9,000. p. 697.

3. DIVORCE.—*Alimony.*—*Elements.*—*Wife's Support.*—Where a wife was compelled to leave her husband and support herself, the value of such support should be considered in determining the proper amount of alimony. p. 698.

4. APPEAL.—*Mandate.*—*Penalty.*—*Damages.*— *Divorce.*— *Alimony.* —The Appellate Court may in its discretion impose a penalty on a judgment for alimony appealed from. p. 698.·

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Suit by Minnie L. Woodburn against William Woodburn. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Thomas Duncan,* for appellant.
*John W. Brady,* for appellee.

ADAMS, J.—In September, 1908, appellee filed her complaint against appellant for divorce, alleging that she was united in marriage with appellant on December 8, 1892, and lived with him as his wife until July 31, 1902, when she left him. In her complaint she alleges that at and before the date of their separation appellant was guilty of cruel and inhuman treatment, and was and still is an habitual drunkard. In March, 1909, a decree of divorce was entered in favor of appellee, and a judgment rendered

for alimony in the sum of $2,250, and for attorney's fees in the sum of $150.

Appellant filed a motion for a new trial, and also nine motions to modify the judgment by reducing the amount of alimony to the amount set out in each of said motions. Error is assigned on the overruling of each motion.

The only question seriously urged by appellant is that the judgment for alimony is excessive. The rule is well settled in this State that the court on appeal will 1. not reverse a case of this kind unless it appears that the trial court abused its discretion in the amount of alimony allowed. This amount is largely within the discretion of the trial court, and the statute (§1083 Burns 1908, §1045 R. S. 1881) requires the court to make such award as the circumstances of the case shall render just and proper.

It would serve no purpose to set out the evidence given at the hearing in support of the charges of cruelty and habitual drunkenness. It is sufficient to say that the evidence fully established these charges.

As to the amount of alimony allowed by the court, the evidence shows that appellant is the owner of an undivided one-half of 160 acres of land, and of an additional 2. eighty acres. Appellant testified that he had refused $67.50 per acre for his real estate holdings. It was shown that he is the owner of certain personal property, but the evidence does not disclose the value; that he is the owner of two endowment life insurance policies for $1,000 each, on which he had been paying premiums for twenty years, but the surrender value of such policies is not shown, although he testified that the company offered $225 in cash for each policy; that one farm belonging to appellant is mortgaged for $2,000, and that he is indebted to various persons in the further sum of $700, about one-half of which was used in the purchase of personal property used on the farm. Estimating the value of appellant's

real estate at the price for which he could have sold it, adding $450, the value of the life insurance policies, and subtracting from the total the amount of debts not represented by personal property, the net value of his estate would be approximately, $9,000.

No children were born to this union. After the separation, the proof shows that appellant continued his intemperate habits, and contributed nothing to the support of his wife. Almost seven years intervened between the separation and the granting of the divorce, during which time appellee supported herself. Where a wife leaves a husband on account of his faults, it is the duty of such husband to support her; and in this case, the length of time during which appellee was compelled to support herself was an element to be considered by the court, with all the other evidence in the case, in fixing the amount of alimony.

We do not believe there was any abuse of discretion on the part of the trial court in awarding alimony in the sum of $2,250. Indeed, we believe that the court, upon the facts disclosed by the record, without any abuse of discretion, might have allowed alimony in a larger amount.

4. We find no error in the record. Judgment is affirmed, with ten per cent damages.