## HUFFMAN *v.* HUFFMAN.

[No. 7,956.   Filed April 1, 1913.]

1. DIVORCE.— *Alimony.— Amount.— Matters to be Considered.*— Where a husband and wife were tenants by entireties of real estate purchased and paid for by the husband, it was proper for the court, in granting a divorce and fixing the alimony, to consider such fact and that the wife upon the granting of the divorce became the owner of an undivided one-half of such real estate. p. 202.

2. DIVORCE.— *Alimony.— Amount.— Matters to be Considered.*— For the purpose of determining the amount of alimony to be given in any case, the court may inquire into the circumstances of the parties, ascertain the amount of property owned by the husband, the source from which it came, the ability of the husband to pay, by reason of his financial condition, as well as his income and ability to earn money.  p. 202.

3. DIVORCE.—*Alimony.—Review.*—The amount of alimony allowed in each case rests largely in the discretion of the trial court, and, unless it appears that the court abused its discretion in awarding alimony, the judgment will not be reversed on appeal. p. 202.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Arbie M. Huffman against Milton W. Huffman. From a judgment for plaintiff, the plaintiff appeals. *Affirmed.*

*Watkins & Butler,* for appellant.

*Fred H. Bowers* and *Milo N. Feightner,* for appellee.

ADAMS, J.—Appellant, on her own petition, was granted a divorce from appellee. She was given judgment for alimony in the sum of $50, an allowance of $40 counsel fees, and $4 per month for the support of her infant son. The overruling of appellant's motion to modify the judgment for alimony, by increasing the amount thereof, is the only question presented for review. The evidence as to the amount and value of appellee's property is indefinite and unsatisfactory. This is also true of appellee's income and ability to earn money. His personal property is shown to be worth but little more than his debts and the allowance and judgment made and rendered in the cause. Appellant and appellee, as tenants by entireties, are shown to own real estate of the probable value of $1,500, which was purchased by appellee and paid for out of his earnings. By the granting of the divorce, appellant became the owner of the undivided one-half of this real estate. It is apparent that the court considered this fact in fixing the amount of alimony, and it was a proper fact to be taken into consideration.

By §1083 Burns 1908, §1044 R. S. 1881, it is made the duty of the court, on granting a divorce, to make such decree for alimony as the circumstances of the case shall render just and proper. The determination of each case must "depend upon its own circumstances and an enlightened sense of justice and public policy." *Hedrick* v. *Hedrick* (1867), 28 Ind. 291, 294. And for the purpose of determining the amount of alimony to be given in any case, the court may inquire into the circumstances of the parties, ascertain the amount of property owned by the husband, the source from which it came, the ability of the husband to pay, by reason of his financial condition, as well as his income and ability to earn money. *Rariden* v. *Rariden* (1904), 33 Ind. App. 284, 286, 70 N. E. 398, 104 Am. St. 252. The amount of alimony allowed in each case rests largely in the discretion

of the trial court, and, unless it appears that the court abused its discretion in awarding alimony, the judgment will not be reversed on appeal. *Woodburn* v. *Woodburn* (1911), 47 Ind. App. 696, 95 N. E. 268.

The record before us does not show that the trial court abused its discretion. Judgment affirmed.

NOTE.—Reported in 101 N. E. 400. See, also, under (1) 14 Cyc. 771, 773; (3) 14 Cyc. 773, 803. As to alimony and the decree allowing it, see 102 Am. St. 700. On the question of husband's prospects as basis for alimony, see 4 L. R. A. (N. S.) 909. For a discussion of the proper proportion of a husband's estate to be awarded to the wife as permanent alimony, see Ann. Cas. 1913 A 803.