FARMER'S SAVING BANK, a Corporation, Respondent, v. J. A. REED, Appellant.

**Springfield Court of Appeals, January 28, 1916.**

**BILLS AND NOTES: Consideration: Illegal Consideration: When Personal, not Real Defense.** Plaintiff bank, the holder of a note in due course under sections 10025-10027, Revised Statutes 1909, which had been given by the purchaser of a saloon, including the license as a part of the price, *held* entitled to recover, the bank being a bona-fide purchaser, though under Section 7189, Revised Statute 1909, the saloon license was not assignable and that part of the consideration was illegal. Such illegal consideration was a personal defense, merely, and not a real one available against a holder in due course.

Appeal from Butler County Circuit Court.—*Hon. John A. Gloriod,* Special Judge.

AFFIRMED.

*N. A. Mozley* and *L. M. Henson* for appellant.

*Sheppard & Sheppard* for respondent.

FARRINGTON, J.—We practically adopt the statement of the case in appellant's brief.

This is a suit on a promissory note for five hundred dollars. On December 1, 1914, W. A. Smith owned a saloon in Poplar Bluff, Mo., but the dramshop license was in the name of Victor Davis. Smith sold the saloon to Elbert Johnson and Ed. Willis and as part payment for Johnson's half of the purchase price Smith took the

note in question signed by Johnson with appellant Reed and others as sureties, all appearing, however, as makers. Smith indorsed and sold the note to respondent bank about February the first, according to the testimony, which was before maturity, and the evidence also tended to show that the bank had no notice or knowledge of the consideration for which the note was given and knew nothing about the sale or attempted sale of a saloon license entering into the consideration of the note.

Reed's answer pleads that the note was and is void for the reason that the saloon license formed a part of the consideration for the same, this being a transaction prohibited by law under section 7189, Revised Statutes 1909, which provides, among other things—"nor shall the license of a dramshop keeper be assignable or transferable."

The evidence tends to show that the saloon, including whiskey, beer, fixtures, and five months of unexpired license, were all sold for the lump sum of three thousand dollars, no separate price being placed on any one item, and that the note sued on was given for a part of the purchase price.

The trial court rendered judgment for plaintiff for the full amount sued for and defendant, Reed, has appealed.

Defendant's theory of the law is shown by the following declaration of law which he requested and the court refused to give: "The court declares the law to be that if it finds and believes from the evidence in this case that the note in suit was given as a part of the purchase price for the dramshop mentioned in the testimony and that the license to run said dramshop entered into and formed a part of the consideration therefor, then said note was and is absolutely void in the hands of the original payee, W. A. Smith, and is likewise void in the hands of the plaintiff bank, and the judgment will be for the defendant, J. A. Reed."

The only question presented by this record is as to whether or not the note is void in the hands of a holder in due course on account of the illegal transaction that furnished the consideration upon which it is based.

What may have been the law touching the right of a transferee of a negotiable instrument without notice of any defects or equities existing as between the original parties to the instrument prior to the adoption of the negotiable instruments act, is no longer controlling on questions arising within the purview of that act since it became the law of this State.

There is sufficient evidence in the record to support the judgment of the court finding that the plaintiff was a holder in due course of the note, as defined in section 10022, Revised Statutes 1909.

Turning to section 10025, Revised Statutes 1909, we find that "the title of the person who executes an instrument is defective  .  .  .  when he obtained the instrument,  .  .  .  for  an  illegal  consideration,  .  .  .  ."

Section 10026, Revised Statutes 1909, provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

The testimony clearly sustains a finding that the bank knew nothing whatever about this note having been given for the purchase price of the saloon license along with the other property sold.

The statute places negotiable instruments, in the hands of an innocent transferee, which have been given for an illegal consideration, in the voidable rather than in the void class, where the instrument is not made in a transaction the making of which is declared null and void by law, or where the instrument is not made in a

transaction where there is a statute condemning it as illegal by necessary intendment or implication—such as the fixing of a penalty for violating the prohibited act.

Section 10027, Revised Statutes 1909, expressly provides that a holder in due course holds the instrument free from any defect of title of prior parties and free from defects available to prior parties among themselves.

The act seems to have covered, in section 9994, Revised Statutes 1909, instruments that shall be wholly inoperative and void in the hands of all parties, and does not include an instrument given for an illegal consideration.

The testimony clearly shows that plaintiff was a holder in due course, and that it knew nothing concerning the defect of title or infirmity set up in the answer, and therefore under the law governing this transaction it is manifestly entitled to recover.

None of the cases cited by appellant, decided since the adoption of the Negotiable Instruments Act, deal with this question where the instrument had found its way into the hands of a holder in due course. The case of Sawyer v. Sanderson & Thomas, 113 Mo. App. 233, 88 S. W. 151, cited and relied on by appellant, was a contest between the original parties, and, furthermore, it arose prior to the passage of the Negotiable Instruments Act.

It will be noted on turning to section 7189, Revised Statutes 1909, that it does not declare void a contract made for the sale of a dramshop license, nor does it fix any penalty for attempting to transfer or assign the same, yet the same section does expressly declare that sales made on credit are void and of no effect and that a debt so created shall not be recoverable at law.

We are cited by respondent to the cases of Amalgamated Zinc and Lead Co. v. Bay State Zinc Min. Co., 221 Mo. 7, 120 S. W. 31, and Tri-State Amusement Co.

v. Forest Park Highlands Amusement Co., 192 Mo. 404, 90 S. W. 1020, which deal with transactions between the original parties and with contracts made in contravention of sections 3039 and 3040, Revised Statutes 1909, one of which expressly prohibits a foreign corporation from transacting any business in this State until the provisions of our law have been complied with and the other prescribed penalties for transacting business without having complied with said provisions of our law relative to foreign corporations doing business in this State.

Much has been written on the subject of contracts based upon an illegal consideration, both before and since the adoption of the Negotiable Instruments Act in the several States, as will be seen by examining the note in connection with the case of Levison v. Boas (Cal.), 12 L. R. A. (N. S.) 575.

By referring to sections 197, 198 and 199 of Daniel on Negotiable Instruments (6 Ed.), vol. 1, it will be found that the text is supported by a number of cases which hold that where a statute merely declares expressly or by implication that the consideration shall be deemed illegal, the bill or note founded upon such consideration will be valid in the hands of a bona-fide holder without notice. It is held, as shown in section 199 of the text, that when the maker of a note is sued thereon, such note having been executed on a consideration declared absolutely void by statute, he can raise the defense of an illegal consideration and successfully defend against the note even though it has found its way into the hands of a holder in due course who takes the instrument free from defects of title or infirmities which existed as between prior parties.

We think the better rule is that a negotiable instrument is valid in the hands of an innocent holder even though the consideration for the instrument arose out of some contract or transaction prohibited by law, unless that law in express terms or by necessary impli-

cation declares the instrument void. [See, Gray v. Boyle, 55 Wash. 578, 104 Pac. 828, 133 Am. St. Rep. 1042.] That was a case where a bona-fide holder of a negotiable instrument was permitted to recover thereon though the instrument grew out of a transaction forbidden by a statute, but such statute did not declare that a contract growing out of such forbidden transaction would be void. The court in that case discusses the question in the light of the Negotiable Instruments Act of the State of Washington which is shown in the opinion to contain similar provisions to those of our Act. [See, also: Woodburn v. Woodburn (Ind. App.), 95 N. E. 268; State Bank of Greentown v. Lawrence (Ind.), 96 N. E. 947.]

We find that in Missouri, prior to the adoption of the Negotiable Instruments Act, it was held that a note, given for money borrowed in a poker game for the purpose of buying chips with which to play in the game, could be enforced by a bona-fide purchaser of said note before maturity, in the face of a statute (now section 6625, Revised Statutes 1909) declaring that a note, when the consideration therefor is money or property won at any game or gambling device, shall be void. [Higginbotham v. McGready, 183 Mo. 96, 81 S. W. 883.]

Ogden on Negotiable Instruments in section 130 divides the defenses under the Negotiable Instruments Act into two general classes—real defenses which go with the note wherever found, and personal defenses which cannot be set up against a purchaser for value without notice before maturity, and he classifies *illegality* as a personal defense unless the contract is declared void by statute. [See, also, Tiedeman on Commercial Paper, sec. 178.]

Section 7189, Revised Statutes 1909, does declare that a license of a dramshop keeper shall not be assignable or transferable, but it entirely fails to brand as void a contract made with reference to an assignment

or transfer of a dramshop license, nor does it fix any penalty for assigning or transferring.

We must therefore hold, where the contract is a negotiable instrument which has come into the hands of an innocent third party for value and before maturity, such party will be entitled to recover thereon, and that such contract will prevail against the defense of illegal consideration under the circumstances existing in this case. The judgment is affirmed.

*Robertson, P. J.,* and *Sturgis, J.,* concur.