## GLICK *v.* GLICK.

### [No. 12,989.   Filed December 9, 1927.]

1. DIVORCE.—*Amount of alimony in discretion of trial court.*— Under the provision of the statute (§1110 Burns 1926), the amount of alimony to be allowed the wife in a divorce case rests largely in the discretion of the trial court.   p. 595.

2. DIVORCE.—*Matters to be considered in determining amount of alimony.*—In determining the amount of alimony to be allowed, it is the duty of the court to take into consideration the financial condition of the husband, his income, his ability to earn money, the value of the wife's separate estate, and the husband's conduct toward his wife.   p. 595.

3. DIVORCE.—*Rule for allowing alimony to innocent and injured wife.*—In allowing alimony to an innocent and injured wife, the court should generally award her such sum as will place her in as good condition as if her husband had been taken from her by death.   p. 595.

4. DIVORCE.—*Refusal to allow alimony held abuse of discretion.* —The refusal to allow alimony when granting a divorce to the wife from a husband owning property of the value of $2,850 in excess of his indebtedness and regularly employed at a monthly salary of $122, was an abuse of discretion, where the wife's entire property did not exceed $200, there were no children, and the divorce was granted for cruel treatment and the husband was afflicted with epilepsy, thought to be due to syphilis.   p. 596.

5. DIVORCE.—*Reversal of judgment granting wife divorce but denying her alimony does not require disturbance of unquestioned parts of judgment.*—On the wife's appeal from a decree granting her a divorce and making allowance for her attorney's fees, but denying her alimony, the reversal of the judgment in so far as it denies alimony, does not require the disturbance of the remainder of the judgment.   p. 596.

From Marion Superior Court (A 34,468) ; *Joseph M. Milner,* Judge.

Suit by Solomon Glick against Goldie M. Glick for divorce, in which the defendant filed a cross-bill. From a decree granting her a divorce and allowing her attorney fees, but denying her alimony, she appeals. *Reversed as to the alimony and remainder affirmed.* By the court in banc.

*Joseph Collier,* for appellant.

*Chester L. Zechiel,* for appellee.

REMY, C. J.—Suit by appellee against appellant for divorce on the ground of cruel treatment. Appellant, in addition to a denial, instituted a cross-suit against appellee for divorce and alimony, alleging in her petition cruel treatment and that, at the time of the marriage, appellee falsely represented that he was in good health, when, in fact, he was an epileptic and was suffering from a venereal disease.

Trial resulted in a decree granting to appellant a divorce, with an allowance of $200 for her attorney, but denying her application for alimony.

Motions by appellant to modify the judgment and for new trial having been overruled, this appeal followed.

Whether the court abused its discretion in refusing to award alimony is the only question presented.

It appears from the evidence that the parties were married June 18, 1924, neither of them having previously been married, though they were in middle life. In January, 1925, appellee had an attack of epilepsy, and a second attack in April, 1925. There is no direct evidence that he had suffered from epilepsy prior to the marriage. In May, 1925, after the second attack of epilepsy, appellant left her home and went to the home of her parents, where she remained until August, 1925, when she returned, and she and appellee lived together as husband and wife until January 11, 1926, at which time appellee had a third attack of epilepsy. A physician who was consulted, suspecting that the cause of the epilepsy was syphilis, recommended a blood test. A specialist made the test, and, in appellee's presence, reported that the test showed syphilis, and suggested that appellee see his physician "a couple of times a week and that at the end of twenty days a complete test would

be made." Thereupon appellant told appellee that she would not live with him as his wife if he had syphilis; that she would go to the home of her parents and await the result of the final test which was to be made by the physicians. Appellee then became angry and struck appellant, following which, she left appellee's home and went to the home of her parents. Appellee then put new locks upon the doors of his house to prevent the entrance thereof by appellant, and ten days later began this suit. It appears that appellee, after his wife's departure, was treated for syphilis for some time, and later an examination showed no traces of the disease. It further appears from the uncontradicted evidence submitted at the trial that the value of appellee's property, in excess of his indebtedness, was $2,850, and that he was regularly employed at a monthly salary of $122. The property of appellant was of the value of $200. There were no children.

Under the evidence, did the court err in refusing to award alimony?

Section 20 of the Divorce Act of 1873 (Acts 1873 p. 107, §1110 Burns 1926) provides: "The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper." The amount of alimony to be allowed, under the statute rests largely in the discretion of the trial court, the determination in each case depending upon its own facts (*Huffman* v. *Huffman* [1913], 53 Ind. App. 201, 101 N. E. 400) and, in fixing the amount, it is the duty of the trial court to take into consideration the financial condition of the husband, his income, his ability to earn money, the value of the wife's separate estate, and the husband's conduct toward his wife. *Stutsman* v. *Stutsman* (1903), 30 Ind. App. 645, 66 N. E. 908. It is also a general rule for

the guidance of the trial court, though not mandatory, that in awarding alimony to an innocent and injured wife, as a part of a divorce decree, the wife should receive such sum as would leave her in as good condition as would have been her condition as a surviving wife upon her husband's death. *De Ruiter* v. *De Ruiter* (1901), 28 Ind. App. 9, 62 N. E. 100, 91 Am. St. 107.

The facts in *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N. E. 11, were very similar to those in the instant case. That was a suit by a husband for divorce; a cross-complaint by the wife, each alleging cruel treatment. The value of the husband's property was found to be "from $2,200 to $3,750." The wife was granted a divorce on her cross-complaint and awarded $100 alimony. On appeal, the judgment was reversed, the Supreme Court holding that the action of the trial court in awarding but $100 alimony was an abuse of its discretion. In principle, the case at bar is not distinguishable from the Yost case.

If, as decreed by the court, appellant was entitled to a divorce from appellee on the ground that she had suffered cruel and inhuman treatment at the hands of appellee, then, under the statute which requires the trial court to make such decree for alimony "as the circumstances of the case shall render proper and just," and in the light of the authorities above cited, we are constrained to hold that, under the facts as shown by the record, the failure of the trial court to award any alimony was an abuse of its discretion.

The decision of the trial court granting the divorce and allowing attorneys' fees not having been questioned, it is unnecessary, under the facts of this case, to disturb that part of the judgment; but in so far as it denies alimony, the judgment is reversed, with instructions to grant a new trial.