## TEMME *v.* TEMME

[No. 15,568.- Filed June 16, 1937.]

*Benjamin F. Zeig*, for appellant.

*Edgar N. Durre*, and *Vincent A. Jahn*, for appellee.

WOOD, J.—The appellant filed a second amended complaint against the appellee in which he sought a decree awarding an absolute divorce from appellee, alleging as cause therefor cruel and inhuman treatment. The record does not show that any answer was filed to this complaint. The appellee filed a cross-complaint against appellant in which she sought a decree awarding her an absolute divorce from appellant with alimony, alleging as cause therefor cruel and inhuman treatment. The record does not show that any answer was filed to this cross-complaint. As the record comes to us, this court will treat the case as though the allegations of the complaint and cross-complaint had been controverted by answer. *Parscouta* v. *State ex rel. Bakajsa* (1905), 165 Ind. 484, 75 N. E. 970.

The cause was submitted to the court for trial on the complaint and cross-complaint. Upon such hearing the court made a general finding on which it rendered judgment in words and figures as follows: "It is therefore ordered, adjudged and decreed by the court that the plaintiff, Arthur Temme, recover nothing of and from the defendant, Helen Temme, on his amended cross-complaint (complaint); to which action of the court the plaintiff at the time excepts; that the bonds of matri-

mony now existing between the plaintiff and cross-complainant, be and hereby are dissolved, and that the cross-complainant, Helen Temme, be and hereby is granted an absolute divorce of and from the plaintiff, Arthur Temme; to which action of the court the plaintiff at the time excepts; that the cross-complainant, Helen Temme, be and hereby is awarded judgment against the plaintiff, Arthur Temme, in the sum of Fifteen Hundred Dollars ($1500.00) as and for alimony in this cause; that said sum of Fifteen Hundred Dollars ($1,500.00) so decreed, may be paid in installments of Twenty-five Dollars ($25.00) each month beginning on the 15th day of July, 1935, until said judgment is fully paid; and said monthly payments to be paid to the clerk of this court for the use and benefit of said defendant; to which action of the court the plaintiff at the time excepts.

"It is further ordered, adjudged and decreed by the court that a failure to pay any two installments of said alimony as it becomes due, then, in that event, the balance of said judgment so remaining unpaid shall be and become due as of the date of said default.

"It is further ordered, adjudged and decreed by the court that the personal household goods and effects now stored in the Geiger warehouse, in the City of Evansville by order of this court, shall be delivered to the cross-complainant, Helen Temme, and absolute title thereto vested in her; to which action of the court the plaintiff at the time excepts.

"It is further ordered, adjudged and decreed that the carpets, curtains and draperies now situate in the dwelling at 911 East Sycamore Street in the City of Evansville, shall be delivered to the plaintiff, Arthur Temme, the title to the same to vest in said Arthur Temme, absolutely.

"It is further ordered, adjudged and decreed by the

court that the cross-complainant, Helen Temme, recover of and from the plaintiff herein, the further sum of Fifty Dollars ($50.00) as and for additional attorney's fees for her counsel, Edgar Durre, said Fifty Dollars ($50.00) to be paid by the plaintiff in installments of Twenty-five Dollars ($25.00) on the 15th day of September, 1935, and Twenty-five Dollars ($25.00) on the 15th day of October, 1935; to which action of the court the plaintiff at the time excepts.

"It is further ordered, adjudged and decreed by the court that the cross-complainant, Helen Temme, be and hereby is restored to her maiden name of Helen Schnarr.

"It is further ordered, adjudged and decreed that the plaintiff, Arthur Temme, pay the costs of this action."

The appellant filed a separate motion to modify the judgment as to the amount of alimony awarded appellee. The appellant also filed a separate motion to modify the judgment, ordering certain household furniture, goods and chattels delivered to appellee and vesting absolute title therein in her. The appellant also filed a separate motion to modify the judgment ordering him to pay additional attorney's fees to appellee. Each of these motions was overruled. Within due time the appellant filed a motion for a new trial. This motion was overruled and appellant appeals, properly assigning and discussing in his brief as errors for reversal, the action of the trial court in overruling each of the motions to modify the judgment and the overruling of his motion for a new trial.

The parties to this action were married November 6, 1932, and separated March 14, 1935. As the fruits of this marriage one child was born to them which died in infancy. The evidence contains charges and counter charges of acts and conduct upon behalf of each of them tending to sustain the allegations in both the complaint

and cross-complaint of cruel and inhuman treatment. It clearly shows beyond any question of doubt that during the short period of time, to-wit: two years, five months, and eight days, in which they lived together as husband and wife, their marital relations were continuously tempestuous and unhappy; that as to them marriage was a failure; that this status was not the result of the unilateral conduct of one of the parties, but was the aftermath of the compound of the conduct of both of them. Hence, no complaint is made of that portion of the judgment awarding the appellee an absolute divorce on her cross-complaint, but is confined exclusively to that portion thereof awarding appellee alimony in the sum of $1,500, adjusting property rights and allowing additional attorney's fees in the sum of $50. We will discuss these questions in their inverse order.

The rule is well established by the authorities that in a divorce proceeding the trial court had broad powers in adjusting property rights of the parties, and that its action in such matters will not be disturbed on appeal unless it is apparent that there has been an abuse of discretion. "The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper." Sec. 3-1217 Burns 1933, Sec. 926 Baldwin's Ind. St. 1934. Under this statute the determination of the amount of alimony to be allowed in each case depends upon its own facts, and in arriving at the amount, it is the duty of the trial court to take into consideration the financial condition of the husband, the source of any proprety owned by him, his income, ability to earn money, his conduct towards his wife and the wife's separate estate. "It is also a general rule for the guidance of the trial court, though not mandatory, that in awarding alimony to an innocent and injured wife, as a part of a divorce decree, the wife should receive such

sum as would leave her in as good condition as would have been her condition as a surviving wife upon her husband's death." *Glick* v. *Glick* (1927), 86 Ind. App. 593, 159 N. E. 33; and authorities there cited. *Stutsmen* v. *Stutsmen* (1902), 30 Ind. App. 645, 66 N. E. 908; *Miller* v. *Miller* (1929), 90 Ind. App. 361, 168 N. E. 867; *Dissette* v. *Dissette* (1935), 208 Ind. 567, 196 N. E. 684. Where the husband and wife own real estate as tenants by the entireties, upon the granting of a divorce they become the owners of the real estate as tenants in common, and this is a proper fact to be taken into consideration in fixing the amount of alimony to be awarded the wife. *Huffman* v. *Huffman* (1912), 53 Ind. App. 201, 101 N. E. 400.

On March 22, 1935, on motion of appellee the court made an order requiring the appellant to pay her the sum of $13 per week for her support and maintenance and the further sum of $75, as fees for her attorney *pendente lite*. On final hearing the court ordered appellant to pay the additional sum of $50 as attorney's fees. Appellant complains of the allowance of this additional sum for attorney's fees. This was not an abuse of discretion, but from the amount of service rendered by appellee's attorney as disclosed by the record was very reasonable.

There is evidence in the record that both the appellant and appellee contributed to the purchase of the household goods and chattels which the court ordered turned over to the appellee as her absolute property, but the amount paid by each is not certain. The appellee testified that this property was worth the sum of $200 at the time of the granting of the divorce. This evidence stands unchallenged. The court did not abuse its discretion in awarding the household goods and chattels to appellee.

Finally as to the question of alimony. Certain undis-

puted facts are presented by the evidence which we summarize. At the time of the trial of this cause ▮ both parties were thirty-one years of age; appellant was a traffic policeman on the police force in the city of Evansville; that this position was permanent unless discharged by the Board of Safety for cause; that he received the sum of $4.95 per day, seven days a week for his services; that previous to his marriage to appellee, appellant owned some real estate, which after his marriage, he exchanged for a house and lot in the city of Evansville, the deed to which was made to appellant and appellee as tenants by the entireties, and was so owned by them at the time of their divorce; that a mortgage for the sum of $1000 was placed upon the house and lot at the time of the exchange of the properties to equalize the difference in the value thereof; that the appellant was the owner by inheritance from his father's estate of a tract of land in Perry Township, Vanderburgh County, Indiana, subject to the life estate of his mother therein; that the value of his remainder in said tract of land was $876.95; that the appellant was the owner of an automobile; that there was a lien against it for the sum of $305, which was as much as the automobile was worth; that the only property accumulated since the marriage of appellant and appellee was the furniture and the amount paid on the mortgage on the house and lot; that the appellee did not contribute any money toward the payments on the mortgage; that the appellant had only $2 at the time of the trial; that there was due and unpaid on the mortgage on the house and lot $766.35 besides interest and two payments of $9.60 each, and $62.50 for taxes; that in addition to this indebtedness and the amount owing on the automobile the appellant owed other small bills aggregating the sum of $300; that the appellee had been a trained stenographer for a number of years and was capable of earning

not less than $14 per week; that she had no property. The evidence as to the value of the house and lot was conflicting, that most favorable to appellee was that it was worth between $3400 and $3500 and had a rental value of from $25.00 to $30.00 per month. We eliminate the value of the automobile and indebtedness against it from consideration since the one off-sets the other. Based upon the items above set out, the net value of appellant's estate at the time the divorce was granted, would work out substantially as follows: the amount due and unpaid on the mortgage on the house and lot excluding unpaid interest, the amount of which is not disclosed by the evidence, was $785.55 and taxes $62.50 making the total amount of liens against the house and lot $848.05. Estimating the value of this property at $3500, this would leave the equity therein worth $2,651.95, making the value of appellant's undivided one-half interest therein $1325.97. Adding to this the value of his remainder in the tract of land, to-wit: $876.95, makes the total value of his separate assets $2202.92, and deducting from this the small bills owing by appellant aggregating $300, leaves him a net estate of $1902.92. Out of this amount toward the accumulation of which the appellee contributed nothing the court has decreed that the appellant shall pay her the sum of $1500; in addition thereto she becomes the owner of an undivided one-half interest in the equity in the house and lot of the value of $1325.97, toward the accumulation of which the appellee contributed nothing, and in addition thereto, by the court's decree she becomes the owner of $200 worth of household goods, toward the acquisition of which the appellee contributed an indefinite amount, making a total received by appellee as a result of this decree of $3025.97.

Among his causes for a new trial appellant alleged that the decision of the court was not sustained by suf-

ficient evidence; that it was contrary to law; that the amount allowed as alimony was too large; that the court abused its discretion in awarding the appellee $1500 alimony. Considering the entire record before us in the light of the rules of law above set out, and the authorities cited in support thereof, we are constrained to hold that the trial court abused its discretion in awarding appellee the sum of $1,500 as alimony.

That part of the judgment of the trial court in granting the divorce, awarding the appellee the possession and title to the household goods, the additional attorney's fees in the sum of $50 is affirmed, but in so far as it awards appellee the sum of $1,500 alimony, said judgment is reversed with instructions to grant a new trial to be confined to the issue of alimony exclusively, and that further proceedings be consistent with this opinion.