GIBBLE *v.* GIBBLE.

[No. 16,796.   Filed March 24, 1942.]

*Harry E. Vernon,* of Goshen, for appellant.
*Max Buntman,* of South Bend, for appellee.

FLANAGAN, J.—Appellant was granted a divorce from appellee on her cross-complaint, and the court adjudged appellant to be the owner of the household goods, appellee the owner of an automobile, and the parties to be tenants in common of certain real estate which they had owned as tenants by the entireties.

Appellant's motion for a new trial and motion to modify the judgment challenged the correctness of the property division and the failure to award alimony. Both motions were overruled, and these rulings of the trial court are assigned as error here.

Appellant contends that it was error to adjudge that the parties were tenants in common of the real estate which they had owned as tenants by the entireties. Under the law of this State, an absolute divorce terminates an estate by entireties and converts it into an estate as tenants in common. *Kiracofe* v. *Kiracofe* (1924), 80 Ind. App. 656, 142 N. E. 21. This part of the court's judgment was merely declaratory of the law and could not be harmful to appellant.

Appellant next contends that the court erred in setting off to appellant the household goods because

there was no evidence to show that they belonged to her. If any error was so committed, it was in appellant's favor and she has no cause for complaint.

Appellant finally contends that she should have been awarded alimony.

There is evidence that the parties to this action were married approximately twelve years; that at the time of their marriage appellee had about $500 which was used to buy furniture; thereafter both parties worked and put their surplus earnings in a joint bank account from which account money was withdrawn to buy additional furniture and the real estate in question. When they separated there remained between $100 and $200 in the account which appellant kept. At the time of trial they owned the household goods, which were given to appellant, an automobile of the value of $250 or $300 with an indebtedness against it of $60, and the real estate above referred to.

The amount of alimony, if any, to be allowed rests largely in the discretion of the trial court, and this court will not interpose upon an appeal except where there is an abuse of discretion. *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. (2d) 114; *Yost* v. *Yost* (1895), 141 Ind. 584, 41 N. E. 11. Under the circumstances of this case, considering the property division made by the court, we cannot say it abused its discretion in not granting alimony.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 347.