ADAMS *v.* ADAMS

[No. 17,524. Filed November 21, 1946. Rehearing Denied January 10, 1947. Transfer Denied April 2, 1947.]

*Harding & Harding,* of Crawfordsville, for appellant.
*Walter W. Spencer,* of Crawfordsville, for appellee.

HAMILTON, C. J.—This is an appeal from a judgment of the lower court granting appellee an absolute divorce from the appellant upon the grounds of cruel and inhuman treatment and awarding her alimony in the sum of $1,750, and the further sum of $100 attorney's fee for appellee's attorney.

The only error assigned and presented in appellant's brief is that the judgment for alimony is excessive.

Section 3-1217, Burns' 1946 Replacement, provides in part:

"The court shall make such decree for alimony, in all cases contemplated by this act, *as the circumstances of the case shall render just and proper; . . . .*" (Our italics.)

In construing this statute the Supreme Court has said: "There is in this State no fixed and certain rule as to the allowance of alimony." *Musselman* v. *Musselman* (1873), 44 Ind. 106, 123.

In the case of *Boggs* v. *Boggs* (1910), 45 Ind. App. 397, 398, 399, 90 N. E. 1040, this court held: "It is well established that the amount of alimony to be awarded in divorce proceedings is in the sound discretion of the trial court, and the appellate tribunal will not review that decision unless an abuse

of such discretion has been shown. . . . There are no well-established rules for measuring the amount of alimony to be awarded, such amount always depending upon the facts and circumstances in each particular case. It has been held that alimony, when given to an innocent and injured wife, should be in a proportion to leave her at least as well off pecuniarily in non-cohabitation as she would be in cohabitation."

In the case of *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10 on page 14, 12 N. E. (2d) 752, the Supreme Court, in defining what constitutes an abuse of judical discretion, says: "An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal."

Examining the evidence in the record in view of the foregoing rule, we find that there is a conflict in the evidence. There is evidence in the record, which evidently the trial court believed, sufficient to warrant a finding that at the time of the trial, the appellant was the owner of personal property of the approximate value of $4600. Therefore, while an allowance of alimony in the sum of $1750 to a childless wife may be very liberal, we cannot say that such allowance is so excessive, exorbitant, or outrageous, in view of all the facts and circumstances in the case, as to constitute an abuse of discretion within the rule above quoted.

It must be remembered that it was the exclusive province of the trial court, as the trier of the facts, to determine the weight of the evidence and the credi-

bility of the witnesses as they appeared and testified before him, and, after a careful consideration of all the evidence, we cannot say that the allowance was erroneous.

Finding no error in the record, the judgment is hereby affirmed.

NOTE.—Reported in 69 N. E. (2d) 632.