DE WITT *v.* DE WITT

[No. 18,119. Filed February 1, 1951.]

*Call & Call,* of Gary, for appellant.

*Harry Ruben* and *Morris Chudom,* both of Gary, for appellee.

WILTROUT, C. J.—Appellee was granted a divorce from appellant. She was awarded alimony in the amount of $2,000, payable in $40.00 monthly installments, and in lieu of further alimony was awarded all of the household furniture which was in her possession.

Appellant does not question the validity of the divorce decree, but claims that the amount of alimony awarded is excessive.

The parties were married in 1924, and separated January 2, 1946. The case was tried on April 14, 1950.

The parties had one daughter, who was 19 years of age at the time of the separation, who was then and is now working and supporting herself.

There was evidence that appellant had not contributed to the support of appellee since the separation. Appellee worked in a tea room with the exception of short periods of illness and has supported herself. Her physician testified that he was treating her for high blood pressure; that she seemed to be in a state of nervous tension; and that she should do no work other than housework.

The parties had five rooms of furniture, which is in the possession of appellee, and on which appellant has just finished paying the last of the indebtedness. Appellant earns from $175.00 to $180.00 gross every two weeks, which, after various deductions, leaves him $140.00 to $145.00 net. He is carrying a life insurance certificate under his employer's group employee policy. He is also buying a 1942 automobile, upon which he owes a balance.

There was no evidence as to the value of the five rooms of household furniture owned by the parties or any part thereof, its age, condition, grade, or what the articles were. No evidence was introduced as to the value of the automobile being purchased by appellant or of his interest thereon. No evidence was presented as to the amount or value of the insurance. It is not shown if the parties had any other property.

As stated by this court and the Supreme Court on many occasions, the amount of alimony to be allowed in a divorce proceeding is a matter within the sound discretion of the trial court. The decision will not be reversed upon appeal unless an abuse of such discretion is shown. *Dissette et al.* v. *Dissette* (1935), 208 Ind. 567, 196 N. E. 684; *Gibble* v. *Gibble* (1942), 111 Ind. App. 60, 40 N. E. 2d 347; *Adams* v. *Adams* (1947), 117 Ind. App. 335, 69 N. E. 2d 632. But before the amount of alimony can be fixed, evidence must be introduced of facts and circumstances from

which the court can determine the amount which is just and proper. *Glasscock* v. *Glasscock* (1884), 94 Ind. 163.

Appellant's argument is confined chiefly to the effect of the fact that there was no evidence of values here.

Here five rooms of furniture of undisclosed value, for which appellant had just finished paying were awarded to appellee. This furniture may be of little or of considerable value. We therefore cannot determine from the evidence whether the award is or is not greatly in excess of the $2,000. The value of the property of the parties, under the facts and circumstances of this case, is an important element to be taken into consideration with other elements in determining whether an excessive award was made.

> We are of the opinion that there was not sufficient evidence before the court upon which to fix the proper amount of alimony and that further evidence should be heard relating thereto.

We do not pass upon the question of whether the $2,000 alimony awarded would or would not be excessive if based entirely upon the wages being earned by appellant.

That part of the judgment granting the divorce is affirmed. That part of the judgment relating to the awarding of alimony is reversed with instructions to grant a new trial, to be confined to the issue of alimony exclusively, and for further proceedings consistent with this opinion.

NOTE.—Reported in 96 N. E. 2d 351.