SHULA v. SHULA.

[No. 29,402.   Filed March 13, 1956.]

*George Sands*, of South Bend, for appellant.

*Harold T. Miller* and *Harry Taylor*, both of South Bend, for appellee.

ACHOR, J.—This is an appeal from a judgment granting appellee a divorce, custody of two minor children with an order for their support, and the real estate held by the parties in entireties, the furnishings and fixtures in their home and a money judgment of $3,000.00.

The error assigned is the overruling by the court of appellant's motion for a new trial, which motion specified that the decision is not sustained by sufficient evidence and is contrary to law, and that the alimony awarded was excessive.

The conflicts in the evidence raises considerable doubt as to whether or not grounds for divorce existed prior to the condonation which was effected during the period of September, 1950, to October 9, 1951, and also as to whether appellant's abuse of the appellee on and after October 9, 1951, may not have been the result of her own provocation. However, it is not within the province of this court to weigh the evidence. That responsibility rested solely with the trial court. The rule is well established that we are permitted to consider only the evidence most favorable to the appellee. We find this evidence sufficient to establish cause for divorce prior to the period of condonation —when appellee "had forgiven all"—and also, under such rule, we find that appellant's abusive treatment of appellee after condonation was sufficient to abridge the fact of condonation and reactivate the prior grounds for divorce as though such condonation had not existed. Conduct may be sufficient to nullify the fact of condonation if it is of such character and force as to constitute a breach of the covenant of condonation. It need not be sufficient to constitute grounds for divorce in itself, but such conduct subsequent to condonation may be considered as cumulative with prior conduct in determining the right of a party to a divorce.

Under the facts before us, we are not at liberty to disturb the judgment for divorce. No issue is raised as to the custody and support of the two children.

We next consider the judgment for alimony. First: we find that the court awarded the furniture and fix-

tures of the parties valued at "$1,547.45" to the appellee. There is no evidence in the record as to the value of this property, therefore the judgment relative thereto was not sustained by sufficient evidence and is contrary to law. *De Witt* v. *De Witt* (1951), 120 Ind. App. 704, 96 N. E. 2d 351. Second: the court awarded the appellee the residence of the parties valued at $22,000.00, subject to an unpaid mortgage of $1,547.45, "to be assumed by the plaintiff," and that "the defendant shall be relieved of any liability thereon." The court was without authority to make an order which "relieved" appellant of liability on the mortgage without the consent of mortgagee or its having been made a party to the action. 27 C. J. S., §302, p. 1161, §2-222, Burns' 1946 Repl. (Acts 1881 (Spec. Sess.), ch. 38, §24, p. 240). Third: we consider the overall judgment for alimony. The parties owned property of the net value of approximately $39,000.00. Of this amount the court awarded appellee the sum of $25,000.00 in property and cash, leaving appellant $14,000.00.

We are not able to determine upon what factual foundation or rule of law the above decree is based. Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. The primary factor in fixing the alimony is the existing property of the parties. However, other facts which the court may consider are the source of the property, the income of the parties and the nature of the abuse inflicted upon the wife,—particularly if that abuse affected the earning capacity of the wife and would have been the basis

for an action in damages except for the fact of the marriage.

Attempt is made to support the award by applying the frequently stated rule that " '. . . the wife should receive such sum as would leave her in as good condition as would have been her condition as a surviving wife upon her husband's death.' *Glick* v. *Glick* (1927), 86 Ind. App. 593, 159 N. E. 33; . . ." *Temme* v. *Temme* (1937), 103 Ind. App. 569, 573-574, 9 N. E. 2d 111, 113. In fact, it is asserted that appellee received less than she was entitled to by proper application of this rule. It is asserted that, under the rule it was proper for the court first to allocate all the entireties property—the real estate valued at $22,000.00—to the wife since she would be entitled to all this property "as a surviving wife upon her husband's death." This, it is argued, left a balance of $17,000.00 subject to division, of which appellee, under the rule, was entitled to one-third, or $5,666.67, making a total of $27,666.67 to which appellee was entitled, as compared with only $25,000.00 which the decree actually awarded her. However, the rule announced in the case of *Temme* v. *Temme, supra,* is not subject to the above suggested application. The rule had its origin in the old common law, under which a wife had a *dower interest* only in her husband's property, which the courts considered should not be denied to an "aggrieved wife" in event of divorce. It has no application to property held by entirety or under agreement of survivorship. The rule relied upon has been construed by the very reputable authorities as follows:

". . . Where the wife is entitled to alimony and *he* is possessed of an estate, it would be improper under any circumstances to give her less than what her *dower* interest therein would have been, for the

reason that he should not be allowed to profit by his own wrong." 17 Am. Jur., Divorce and Separation, §600, pp. 469-470.

"... Frequently the amount of alimony is fixed at the amount the wife would have received had her husband died, and it has been said that, ... in no event should the allowance be less than her *dower interest* would have been. Certainly, where an absolute divorce is granted, the value of the *dower* that the wife would have otherwise received may always be considered in fixing alimony." (Our italics.) 27 C. J. S., Divorce, §236, pp. 278-279.

The fact that the rule above asserted is not applicable to estates by the entireties or estates in survivorship where the entire estate would vest in the wife, if made clear by the statement in the case of *Temme* v. *Temme, supra,* 103 Ind. App. 569, at page 574, 9 N. E. 2d 111, at p. 113, relied upon by appellee:

"... Where the husband and wife own real estate as tenants by the entireties, upon the granting of a divorce *they become the owners of the real estate as tenants in common,* and this is a proper fact to be taken into consideration in fixing the amount of alimony to be awarded the wife. *Huffman* v. *Huffman* (1912), 53 Ind. App. 201, 101 N. E. 400." (Our italics.)

The impossibility of applying the rule asserted in the *Temme* v. *Temme* case, *supra,* as here attempted, is demonstrated by the fact that, if the rule were followed a wife would be entitled to claim all the property of the parties, regardless of the source, if, at the time of the divorce, it was held under a condition of survivorship. Our courts have stated on many occasions " ... the amount of alimony to be allowed in a divorce proceeding is a matter within the sound discretion of the trial court. The decision will not be

reversed upon appeal unless an abuse of such discretion is shown. *Dissette et al.* v. *Dissette* (1935), 208 Ind. 567, 196 N. E. 684; *Gibble* v. *Gibble* (1942), 111 Ind. App. 60, 40 N. E. 2d 347; *Adams* v. *Adams* (1947), 117 Ind. App. 335, 69 N. E. 2d 632. But before the amount of alimony can be fixed, evidence must be introduced of facts and circumstances from which the court can determine the amount which is just and proper. *Glasscock* v. *Glasscock* (1884), 94 Ind. 163." *DeWitt* v. *DeWitt, supra,* 120 Ind. App. 704, 706-707, 96 N. E. 2d 351, 352.

However, we are here confronted by the fact that (1) there was no evidence before the court as to the value of the household furnishings and fixtures upon which to base a judgment for alimony, (2) that the court was without jurisdiction to "relieve" the appellant of liability of the unpaid mortgage, as affecting the judgment for alimony, and (3) that the judgment for alimony as otherwise entered was not sustained by the evidence. As has heretofore been stated, under a judgment so entered "an abuse of . . . discretion is shown." *DeWitt* v. *DeWitt, supra.*

That part of the judgment granting the divorce is affirmed. That part of the judgment relating to the awarding of alimony is reversed with instructions to grant a new trial, which trial is to be confined to the issue of alimony exclusively, and for the further proceedings consistent with this opinion.

Bobbitt, C. J., Arterburn, Emmert and Landis, JJ., concur.

NOTE.—Reported in 132 N. E. 2d 612.