## DRAIME *v.* DRAIME.

[No. 19,206. Filed March 29, 1961. Rehearing denied May 4, 1961. Transfer denied June 16, 1961.]

*Cecil C. Tague, Sr.,* of Brookville, and *Owen S. Boling,* of Indianapolis, for appellant.

*Ewing E. Wright,* of Osgood and *Paul V. Wycoff,* of Batesville, for appellee.

Ax, C. J.—This is an appeal from a judgment in an action for absolute divorce. Appellant brought this action against appellee, alleging cruel and inhuman treatment.

Appellant in her complaint, asked that she be granted alimony in the amount of $5,000.00, or in lieu thereof, be declared the sole owner of a tavern business, as well as all the personal property located therein.

The court granted appellant an absolute divorce and awarded her title to all the assets of the parties, including the tavern business subject to all liabilities, but excluding a 1955 Oldsmobile owned by appellee which he was permitted to retain. In addition appellee was awarded judgment in the sum of $5,500.00 for his interest in the property belonging to both parties.

Appellant, although satisfied with the grant of an absolute divorce, nevertheless has brought this appeal, challenging the discretion of the lower court in awarding a monetary judgment of $5,500.00 to appellee.

The sole question presented to this court is whether the lower court abused its discretion in making this adjustment of the property rights of the parties.

It is contended by appellant that the judgment failed to award her alimony and that such failure is an abuse of discretion.

The law has laid down certain rules which must by necessity govern the reviewing court. That divorce courts have much discretion in determining the amount of alimony that shall be awarded in any particular case is a rule so well settled that we need not burden this opinion by citing authority. It is equally well settled that it is not mandatory

that the trial court grant alimony in each and every case. It has been held in certain cases that the trial court did not abuse its discretion by refusing to award alimony to a wife who was granted a divorce. *Ralston* v. *Ralston* (1942), 111 Ind. App. 570, 41 N. E. 2d 817; *Gibble* v. *Gibble* (1942), 111 Ind. App. 60, 40 N. E. 2d 347; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114. Whether alimony shall be awarded depends upon the existing property of the parties and its source. *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612. Also to be taken into consideration is the conduct of the parties toward each other. *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N. E. 2d 816.

The appellant propounded to the court in her complaint two possible alternatives, which might be used in settling the property rights of the parties. She asked that "she be granted alimony in the amount of Five Thousand ($5,000.00) Dollars *or* in lieu thereof, be declared the sole owner of said tavern business and personal property located therein."

The court accepted the latter by granting her the business and personal property, but now she complains that it erred by not granting her alimony also.

> "An appellant cannot successfully present as error action which he induced the trial court to take." *Seward* v. *Seward* (1956), 126 Ind. App. 607, 611, 134 N. E. 2d 560; and cases cited therein.

We see no abuse of discretion in doing that which the appellant asked to be done.

Appellant further complains that the setting off a money judgment to appellee is contrary to law and is an abuse of discretion. We disagree. In the Seward case, *supra,* the appellant wife contended that she was

the owner of certain real estate and asked in her complaint that the said real estate be set off to her. The lower court in adjusting the property rights set off the real estate to the wife and ordered that she pay appellee $3,500.00. The court held in adjusting the property rights of the parties the trial court has the authority under certain circumstances

". . . to enter a money judgment in appellee's favor or to set off and award to him a part of the physical assets. It chose to do the former and we find no error or abuse of discretion in such action."

We reiterate again that which has been said many times by this court that the trial court has not only the power but the mandatory duty to adjust and adjudicate the property rights of the parties. While the awarding of alimony lies solely with the court's discretion, the adjusting of property rights is a mandatory duty upon the court. But, however, in so doing it has broad discretionary powers. It may transfer property as between the parties, whether it be real, personal or mixed and whether title at the time of the trial is held by the parties jointly or by one of them individually. *Proctor* v. *Proctor* (1955), 125 Ind. App. 692, 125 N. E. 2d 443. See also 3-1218 Burns' 1946 Repl.

It is contended by appellant that the lower court further abused its discretion by awarding to appellee the sum of $5,500.00 because such amount is excessive. The evidence demonstrates that the parties owned the property jointly. Appellant in her complaint alleges that the said tavern business and personal property connected therewith is of the approximate value of ten thousand dollars. However, the evidence presented at the trial shows that its value

was between ten to eleven thousand dollars. Be that as it may it is apparent that the court made an attempt to adjust equally the property rights of the parties. It is evident that the trial court was convinced that justice would best be served by dividing the property in the manner stipulated. We fail to see any abuse of discretion by the court in this award of $5,500.00 to appellee.

Appellant's contention that the court erroneously adjudicated the ownership of her separate property is without foundation. A decree of divorce not only terminates the marital obligations of the parties involved, but settles *all* property rights growing out of the marriage relationship. *Proctor* v. *Proctor, supra; Gray* v. *Miller* (1952), 122 Ind. App. 531, 106 N. E. 2d 709. Here in the case at bar appellant received that which was asked for, less appellee's interest. We find nothing in the record which would indicate that appellee was awarded appellant's property.

The question of whether there has been an abuse of discretion must be apparent upon the face of the record. Such is not present here.

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal." *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14; also quoted in *Ferguson* v. *Ferguson* (1955), *supra,* page 603.

Let it be stated that this court feels that each divorce case before the bar constitutes a personal misfortune

and considerable grief for the parties involved. The Appellate Court, unlike the lower court, is subjected neither to the physical presence of the parties nor the emotions or motivations of the appellant and appellee. This court has no authority to weigh the evidence, and the decision reached herein is based solely upon the record and authority as presented in the briefs of the parties. Our purpose is to see that the judgment is just, and that the laws of this state are observed and upheld. In light of the above it is the opinion of this court that appellant has not shown where the trial court's judgment is either an abuse of discretion or contrary to law. Therefore the decision of the lower court must be upheld.

Judgment affirmed.

Cooper, Myers, Ryan, JJ., concur.

NOTE.—Reported in 173 N. E. 2d 70. Transfer denied. Landis, C. J., Jackson, J., not participating.