DIETERLE *v.* DIETERLE.

[No. 19,301. Filed April 7, 1961. Rehearing denied June 1, 1961. Transfer denied September 19, 1961.]

214

*Vernon E. St. John,* of Lafayette, for appellant.

*William K. Bennett,* of Lafayette, for appellee.

BIERLY, J.—Action by appellant against appellee for divorce on grounds of cruelty and inhuman treatment. Appellee answered the amended complaint under the rules and also filed a cross-complaint, which was answered by the appellant under the rules. The amended

complaint prayed for an absolute divorce, custody of three minor children, support money for the minor children, an equitable adjustment of property rights, attorney fees and alimony "in such sum as may be just." The cross-complaint, in addition to specific allegations of cruel treatment of appellee by appellant, prays judgment for absolute divorce from appellant and for costs.

Trial resulted in a decree granting appellant an absolute divorce on her amended complaint, awarded her the custody of their three children, provided for the support of the latter, awarded alimony and made an adjustment of the property and property rights of the parties. The particulars of the allowance of alimony and the division of property will be hereinafter more specifically noticed.

Motions by appellant to modify the judgment and for a new trial were overruled and this appeal followed.

Neither party contests the action of the court in granting the divorce and the only matter presented here by appellant pertains to the alimony allowance and property adjustment. In this regard appellant says that the court abused its discretion.

It appears from the record that at the time of their marriage in 1940, neither party owned or possessed any real estate and but meager personalty. During the marriage, appellant's earnings were approximately $19,836.41 and the approximate earnings of appellee were $17,520.77. Real estate was acquired as follows: 40 acres purchased by appellee from his mother for $4,000.00, title to which was taken by the entireties; and 70 acres formerly owned by appellee's deceased father and of which appellee inherited a 2/15th interest, by the purchase by appellee of the remaining 13/15th interests for $17,500.00. The title to the latter tract was origi-

nally taken in appellee's name but later, by reason of appellant's repeated insistence, was vested in the parties as entireties.

At the time of the divorce, appellant possessed a separate estate consisting of stock valued at $1,500.00; a $700.00 checking account; a $3,500.00 savings account; a life insurance policy valued at $458.00; and an inheritable interest in farm land of her deceased father, valued at $6,396.20. Appellee possessed stock valued at $2,590.00; life insurance of $1,995.00; farm machinery valued by appellant at $3,305.00 but valued at $1,665.00 by appellee; hog equipment valued by appellant at $2,462.75 but valued by appellee at $862.00; a checking account of $228.44; two (2) automobiles of approximately equal value and valued at $2,300 each. The parties possessed furniture and household goods valued at $2,325.00. The 110 acres of land, purchased by appellee, as aforesaid, was encumbered with a mortgage lien of $3,272.50, and the net value thereof was shown to be $29,227.50.

The court found and adjudged that the appellee should pay the sum of $25.00 per week during school sessions and $12.50 per week during school vacation, for the support of said children; that appellant be awarded one automobile and the household furniture and effects; that she recover of appellee "as and for alimony and in settlement of all property rights between the parties," Eleven Thousand ($11,000.00) Dollars, to be paid in semi-annual installments of $500.00 each, on the 1st day of January and July of each year, beginning January 1, 1959 and a final installment on July 1, 1969. It was further found that a reasonable fee for appellant's attorneys is $1,600.00 which appellant had paid to her counsel, and that, to reimburse her, appellee should pay into the clerk's office semi-annual installments of $250.00

each, payable on the 1st day of January and July in each year, beginning January 1, 1959 and a final installment on July 1, 1962. (NOTE: said installments, as ordered by the court, total the sum of $2,000.00 instead of $1,600.00 the amount found due the appellant for her incurred counsel fees.) The entireties real estate of 110 acres was set off to appellee, with appropriate provisions for transfer of the title thereto to appellee.

The evidence of values heretofore attributed to some of the items of personalty was in slight conflict. In general, however, considering the separate property of each party, it appears that the court arrived at a near equal division of the property between the parties. However, appellant contents that as she was found to be the guiltless wife, it was error and an abuse of discretion for the court to divest her of her entireties interest in the real estate without full compensation therefor. All cases relied upon by appellant in support of her position were decided prior to the effective date of the amendment of Ch. 43, Acts of 1873 by Ch. 120, §3 of the Acts of 1949, being §3-1218 Burns' 1960 Supplement. Since the enactment of said amendment of 1949, it has been consistently held that said Act, although primarily an alimony statute, recognizes the case law "which grants broad powers to a divorce court to fully adjudicate the rights of the parties and order the transfer of real estate between the parties in proper cases." *Gray* v. *Miller* (1952), 122 Ind. App. 531, 538, 106 N. E. 2d 709; *Baker* v. *Baker* (1952), 123 Ind. App. 152, 108 N. E. 2d 70; *Wallace* v. *Wallace* (1953), 123 Ind. App. 454, 110 N. E. 2d 514; *Proctor* v. *Proctor* (1955), 125 Ind. App. 692, 125 N. E. 2d 443; *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560.

In several of the cases last cited, the real estate transferred by the court was held in entireties by the parties. We find no case nor has appellant cited us to any case which holds that it is an abuse of discretion for the trial court to transfer entireties property without granting the successful wife full compensation therefor. There may arise cases, of course, where the factual situation and the estates of the parties may result in the abuse of discretion by the trial court in its adjustment of the property rights and interests of the parties. But we find no Indiana court which lays down as an inflexible general rule that the trial court abuses its discretion by transferring the entireties property between the parties without allowing the successful wife "full compensation therefor."

Appellant next urges that it was an abuse of the trial court's discretion to fail to award her a settlement such as would place her in as good condition as if she were appellee's surviving widow. She cites in support thereof the case of *Glick* v. *Glick* (1927), 86 Ind. App. 593, 159 N. E. 33. The court in that case did not lay down a rule as contended for by appellant. Rather, the court said: "It is also a general rule *for the guidance of the* trial court, *though not mandatory,* that in awarding *alimony* to an innocent . . . wife . . . the wife should receive such sum as would leave her in as good condition as would have been the condition as a surviving wife. . . ." The court did not say that the court would abuse its discretion in not exactly following said suggested guide rule. The court did further say: ". . . the determination in each case depending upon its own facts . . . and, in fixing the amount, *it is the duty of the trial court* to take into consideration the financial condition of the husband, his income, *his ability to earn money, the value of the wife's separate estate,* and

the husband's conduct toward his wife." (Emphasis supplied.) In *Shula* v. *Shula* (1956), 235 Ind. 210, 215, 132 N. E. 2d 612, the same rule was contended for as is now urged by appellant in this case. It was considered by the court and was therein treated historically with a resultant declaration that: "It has no application to property held by entirety . . . ."

Appellant also contends that it was error for the trial court to consider her separate estate in arriving at its adjudication of alimony and the property rights of the parties. However, the cases we have already referred to and others, including *McHie* v. *McHie* (1938), 106 Ind. App. 152, 177, 16 N. E. 2d 987, and *Van Natta* v. *Van Natta* (1919), 188 Ind. 75, 121 N. E. 825, all hold that it is proper for the trial court to consider the separate estate and financial condition of the wife in its determination of alimony and the property interests of the parties.

The record reflects the purchase of the farm real estate by the appellee; that he had no other business or trade than that of farming; that his income was derived from farming; that his earnings were approximately $2,915.96 per year; that he suffered recurring ill health and was hospitalized in 1951, 1954, 1955 and 1957; that appellant's approximate annual earnings were $3,900.00; that farming was the only work in which appellee was trained or experienced; that appellee would be unable to rent any other land for his farming; and that appellant earned her income as a secretary and not from the farm operations. Under these considerations and others which appear in the record, we think the trial court made a fair and equitable adjustment of the rights, interests and property of the parties. Although appellant engages in extensive effort and tabulation of figures in an endeavor to show

various asserted inequalities in the consideration by the trial court of the property interests of the parties, we cannot weigh the evidence nor substitute our judgment for that of the court. Much of the complained of evidentiary matters were in conflict.

The questions we have referred to and disposed of are the same as those raised by the denial of appellant's motion to modify the judgment and what we have said also disposes of appellant's claimed error in that regard.

Appellant has failed to establish by the record any error in the trial court or that it abused its discretion.

Judgment affirmed.

Pfaff, P. J., Kelley and Gonas, JJ., concur.

NOTE.—Reported in 173 N. E. 2d 665.