PALMER *v.* PALMER.

[No. 19,473. Filed May 25, 1962.]

William C. *Erbecker*, of Indianapolis, for appellant.

*Hezzie B. Pike*, of Indianapolis, and *Carl Humble*, of Danville, for appellee.

AX, J.—Appellant (plaintiff below) was granted a divorce upon her complaint to which appellee had filed a cross-complaint. The court adjusted property rights and entered a judgment for alimony for appellant. A motion for new trial filed by appellant alleging that the decision of the court is not sustained by sufficient evidence and is contrary to law was overruled and this is assigned as the only error.

No attorney appeared for appellant at the oral argument. Thus many questions that concerned the court not properly covered by appellant's briefs remained unanswered.

We find from examination of appellant's briefs that the only contention not waived by appellant is that the trial court abused its discretion in the amount of alimony awarded in the judgment.

The question of whether there has been an abuse of discretion must be apparent upon the face of the record. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N. E. 2d 70. In that case our court cited with approval the following:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. The exercise of the lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal." *McFarlan* v. *Fowler Bank City Trust Co. et al.* (1938), 214 Ind. 10, 14, 12 N. E. 2d 752.

We have carefully and thoroughly examined the evidence produced at the trial and from such examination we can not say as a matter of law that the trial court abused its discretion on the amount of such alimony and judgment.

Judgment affirmed.

Ryan, C. J., Cooper, J., and Myers, J., concur.

NOTE.—Reported in 182 N. E. 2d 593.