## MILLER *v.* MILLER.

[No. 269A32. Filed March 26, 1970.]

R. M. Rhodes, Peru, for appellant.

Donald J. Bolinger, Bolinger & Zirkle, Kokomo, for appellee.

LOWDERMILK, C.J.—Appellee, plaintiff below, and appellant, defendant below, were married on May 2, 1950, and the parties lived together as husband and wife until March 9, 1967, when they separated. After the separation appellee brought an action for divorce and appellant filed a cross complaint. Each of these pleadings were answered in compliance with Supreme Court Rule 1-3.

On trial of the cause appellee was granted a divorce on his complaint and appellant denied a divorce under her cross complaint. Appellee was awarded the custody of the four minor children of the parties, all the real estate of the parties and all personal property, except appellant's wearing apparel and a 1967 Chevrolet automobile of the appraised value of $2,500, with a mortgage thereon in the amount of $1,900.

Appellant timely filed her motion for new trial, in which she asserted six specifications of error on the part of the trial court, together with memorandum. However, in the argument portion of the brief and during oral argument appellant states that she would rely only on rhetorical paragraph 3 of her motion for new trial:

"3. The decision of the court is not sustained by sufficient evidence and is contrary to law."

The motion for new trial was denied and appellant sets out as her sole assignment of error that the court erred in overruling appellant's motion for a new trial.

As has been above set out, the appellant urges rhetorical paragraph 3 only of the motion for new trial, which limits the issue before the court to whether or not there was an abuse of discretion by the trial court in awarding a settle-

ment, claimed to be excessive and unreasonable, to the appellee as compared to what was awarded to appellant.

The facts and testimony in this case are from many witnesses and are quite lengthy and in many instances are contradictory and in direct conflict.

With the full understanding that the Appellate Court is not the trier of facts and does not weigh the evidence, we will, nevertheless, give a short summary of the circumstances that led to the inevitable divorce.

Evidence was presented that the parties owned real estate as tenants by the entireties of the fair market value of $12,500. This was paid for, in part, by appellee out of the funds received from his father's estate in 1958, in the amount of $8,600 and from his mother's estate in 1961, in the approximate amount of $14,000. The farm was purchased in 1963, with a down payment of $11,000.

The parties had accumulated a Volkswagen automobile and some household furniture, and appellee was earning approximately $99 per week after taxes from his employment with a local corporation.

Appellant had purchased a 1967 Chevrolet automobile of the appraised value of $2,500 at the time of the divorce, and with an unpaid balance of a mortgage thereon in the amount of $1,900.00.

The record before us discloses that the gross value of assets of the parties was $21,290, of which $8,790 was personal property and $12,500 real estate. The court had ordered certain debts assumed by each of the parties, leaving a net division of property on the basis of $950.00 to the appellant and $6,453.40 to appellee.

This was accumulated during the marriage.

The parties had born to them as the fruits of this marriage four children, ranging in age from 17 to 10 years.

The parade of witnesses testifying included the father of appellant, who hesitatingly testified that the appellant was

not fit to mother the children and, in his opinion, the minor children should be left to the custody of their father, appellee herein. He and many others testified that the home of the parties was often unkept and maintained in an unsanitary manner. Other witnesses testified that the four minor children were often unclean and hungry, while, at the same time, the appellant seemed to be well clothed and healthy, but seldom at home. The evidence is further that appellant, in the last few years of the marriage, secured employment for herself and all the funds she took in were spent for clothes and a good time for herself, and all to the exclusion of the appellee and their children.

Appellant's father further testified that the children would come to his home and would be fed, and were most generally hungry when they arrived.

By agreement of the parties a correspondent was named and there was much evidence of his meeting with appellant at divers times and places, and in one instance a telephone conversation was overheard between appellant and her paramour, when arrangements were made to meet in Logansport where she insisted upon renting a hotel room and the paramour said that would not be necessary; that they could use the automobile like they had done before.

There was further evidence that appellant claimed to be in Chicago at a P.T.A. meeting on a week-end, which P.T.A. meeting could never be verified, and during which time she had left a 9 year old child at home to take care of a 6 weeks old baby.

There was further evidence that appellant ceased to have sexual relations with appellee, which had been the normal pattern between the parties, and would put him off for a month to six months at a time, and finally completely refused the conjugal relation. Her excuse for this was that she had been at the barn and saw him in an act of beastiality. This he denied. Appellant also accused the appellee of incest with

their oldest daughter, who was 17 years of age at the time of the divorce, which was denied by the daughter and by the appellee. In spite of this accusation, appellant sought the custody of the three younger children and was willing to permit the custody of this oldest girl to remain with the father.

There is much more evidence that, in our opinion, would constitute cruel and inhuman treatment on the part of the appellant toward the appellee, which we find it unnecessary to state herein.

Needless to say, the divorce in this case was inevitable and at the same time desired by both parties. However, the question of divorce is not before us, but rather, we are concerned only with the property settlement and the custody of the four minor children, as to whether or not there was an abuse of discretion in the trial court's findings.

Appellant insists that since the real estate was owned by the entireties the court erred in not permitting the same to be divided equally between the parties as tenants in common.

Burns' Ind. Stat. § 3-1218, reads in part as follows:

". . . any property, real, personal or mixed, owned as joint tenants or as tenants by the entireties by the parties to the divorce action which shall not be expressly included in and covered by the decree of divorce shall upon the rendition of such decree vest in such parties equally as tenants in common. . . ."

This statute cannot be applied to the set of facts we have here for the reason that all the property was covered by the decree of divorce.

While there is no binding or set rules to govern the trial court, that court, nevertheless, in determining the amount of alimony in a divorce proceeding should be guided by the particular circumstances involved, but it is proper for the trial court to consider the following factors, as set forth in *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 571, 181 N. E. 2d 639, Transfer Denied June 28, 1962:

". . . (1) the existing property rights of the parties, . . . (2) the amount of property owned and held by the husband and the source from which it came, . . . (3) the financial condition and income of the parties and the ability of the husband to earn money, . . . (4) whether or not the wife by her industry and economy has contributed to the accumulation of the husband's property, . . . (5) the separate estate of the wife, . . ."

Also, see *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N. E. 2d 816.

In determining whether there was an abuse of discretion in the trial court's consideration of such guidelines as laid out in *Bahre* v. *Bahre, supra,* and *Ferguson* v. *Ferguson, supra,* we, as a reviewing court can only draw reasonable inferences in favor of the appellee, for we do not have the prerogative of weighing the evidence or evaluating the credibility or demeanor of the witnesses who testified.

In the case of *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N. E. 2d 70, Transfer Denied, Judge Ax of this court said:

"The law has laid down certain rules which must by necessity govern the reviewing court. That divorce courts have much discretion in determining the amount of alimony that shall be awarded in any particular case is a rule so well settled that we need not burden this opinion by citing authority. It is equally well settled that it is not mandatory that the trial court grant alimony in each and every case. It has been held in certain cases that the trial court did not abuse its discretion by refusing to award alimony to a wife who was granted a divorce. *Ralston* v. *Ralston* (1942), 111 Ind. App. 570, 41 N. E. 2d 817; *Gibble* v. *Gibble* (1942), 111 Ind. App. 60, 40 N. E. 2d 347; *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114. Whether alimony shall be awarded depends on the existing property of the parties and its source. *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612. Also to be taken into consideration is the conduct of the parties toward each other. *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N. E. 2d 816."

In reference to this very same point we will further cite *Smith* v. *Smith et al.* (1954), 124 Ind. App. 343, 115 N. E. 2d 217, Transfer Denied:

". . . This is an action for divorce, in which it is the mandatory duty of the court to adjust and determine the property rights of the parties. Sec. 3-1217, Burns' 1946 Replacement. There is no fixed and certain rule as to the allowance of alimony. The alimony to be awarded is, within the sound discretion of the court, dependent upon the facts and circumstances in each particular case. The court's decision will not be reviewed unless an abuse of such discretion has been shown. *Adams* v. *Adams* (1946), 117 Ind. App. 335, 69 N. E. 2d 632. Also, this court has heretofore stated that, in the adjustment of the property rights of the parties, the court may allot to one spouse the property previously settled upon the other. *Radabaugh* v. *Radabaugh* (1941), 109 Ind. App. 350, 35 N. E. 2d 114; *Baker* v. *Baker* (1952), 123 Ind. App. 152, 108 N. E. 2d 70."

In the more recent case of *Grant* v. *Grant* (1967), 141 Ind. App. 521, 230 N. E. 2d 339, Judge Cooper of this court explicitly and very competently sets forth the role of the Appellate Court in reference to abuse of discretion in the awarding of alimony and property settlement:

"This court has stated many times that in divorce cases the trial court has not only the power but the statutory duty to adjust and adjudicate the property rights of the parties involved. While the adjusting of property rights between the parties is the mandatory duty of the trial court, in so doing, it has broad discretionary powers, and the awarding of alimony is solely within the court's discretion. The court may also transfer property as between the parties, whether it be real, personal or mixed, and whether title at the time of the trial is held by the parties jointly or by one of them individually. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 103, 173 N. E. 2d 70; *Proctor* v. *Proctor* (1955), 125 Ind. App. 692, 125 N. E. 2d 433. See also, Burns' Ind. Stat., 1946 Repl., §§ 3-1217 and 3-1218."

Judge Cooper further sets out:

". . . *Therefore, the exercise of a trial court's discretion is not reviewable on appeal. It is only the abuse of the power of discretion which is reviewable on appeal and the presumption in favor of the correct action of the trial court is one of the strongest presumptions applicable to the consid-*

*eration of a case on appeal. Estate of Fritz W. Alexander, Sr., Deceased* v. *Arletha Alexander* (1966), 138 Ind. App. 443, 212 N. E. 2d 911, 915; *Draime* v. *Draime, supra; Holst* v. *Holst, supra.*" (Our emphasis.)

This court said, in the case of *Smith* v. *Smith* (1960), 131 Ind. App. 38, 169 N. E. 2d 130:

"As can be seen, the statute is very broad and permits the trial court to be very liberal in construing what is alimony, although the same statute provides for periodic payments of alimony, with provision that they may be discontinued or reduced on death or remarriage of the wife. It uses the word 'spouse' in referring to the judgment lien on property. As was said in the case of *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 328, 50 N. E. 68, 71:

" 'Where the wife proves recreant to her marriage obligations, and has destroyed the marital union by acts of adultery or other gross misconduct, and her husband is thereby entitled to a decree of divorce, the court granting the same, has the discretionary power, and, under proper circumstances warranting the same, will generally exercise it, and allot to the injured husband such a portion of the property or means which he had settled upon the wife as will place him in the position, to some extent at least, which he would have occupied had the union continued.'

"This rule was approved in *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806, and in the case of *Wallace* v. *Wallace, supra.* Therefore, without holding so, we do not come to the arbitrary conclusion that a husband is not entitled to alimony in this state given the proper surrounding circumstances."

Our Supreme Court, in the case of *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N. E. 2d 612, 615, said:

" '* * * Where the wife is entitled to alimony and *he* is possessed of an estate, it would be improper under any circumstances to give her less than what her *dower interest* therein would have been, for the reason that he should not be allowed to profit by his own wrong.' 17 Am. Jur., *Divorce and Separation,* § 600, pp. 469-470.

" '* * * frequently the amount of alimony is fixed at the amount the wife would have received had her husband

died, and it has been said that, \* \* \* in no event should the allowance be less than her *dower interest* would have been. Certainly, where an absolute divorce is granted, the value of the *dower* that the wife would have otherwise received may always be considered in fixing alimony.' (Our italics.) 27 C.J.S., *Divorce*, § 236, pp. 978-979.

"The fact that the rule above asserted is not applicable to estates by the entireties or estates in survivorship where the entire estate would vest in the wife, is made clear by the statement in the case of *Temme* v. *Temme, supra,* 103 Ind. App. 569, at page 574, 9 N. E. 2d 111, page 113, relied upon by appellee:

" '\* \* \* Where the husband and wife own real estate as tenants by the entireties, upon the granting of a divorce *they become the owners of the real estate as tenants in common,* and this is a proper fact to be taken into consideration in fixing the amount of alimony to be awarded the wife. *Huffman* v. *Huffman,* (1913), 53 Ind. App. 201, 101 N. E. 400.' (Our italics.)

"The impossibility of applying the rule asserted in the *Temme* case, *supra,* as here attempted, is demonstrated by the fact that, if the rule were followed a wife would be entitled to claim all the property of the parties, regardless of the source, if, at the time of the divorce, it was held under a condition of survivorship. Our courts have stated on many occasions '\* \* \* the amount of alimony to be allowed in a divorce proceeding is a matter within the sound discretion of the trial court. The decision will not be reversed upon appeal unless an abuse of such discretion is shown.' [Citing cases.]"

This court said, in the case of *Dieterle* v. *Dieterle* (1961), 132 Ind. App. 213, 173 N. E. 2d 665, tr. denied,

"In several of the cases last cited, the real estate transferred by the court was held in entireties by the parties. We find no case nor has appellant cited us to any case which holds that it is an abuse of discretion for the trial court to transfer entireties property wthout granting the successful wife full compensation therefor. There may arise cases, of course, where the factual situation and the estates of the parties may result in the abuse of discretion by the trial court in its adjustment of the property rights and interests of the parties. But we find no Indiana court which lays

down as an inflexible general rule that the trial court abuses its discretion by transferring the entireties property between the parties without allowing the successful wife 'full compensation therefor.' "

To deal fairly with the appellant, we must relate that the record discloses that during the married life of the parties she did, on occasion, do some work with a tractor in the fields. This was during the happier days of the parties.

However, considering all the evidence in this cause we have before us facts to draw such inferences in favor of the appellee so that there is no question that the custody of the children should be in the hands of the appellee, and in so placing them there, we are of the opinion that the trial court did not abuse his discretion in the division of the property, as it was necessary for the appellee to have a home for the children where he could and did care for them. In our opinion, there is sufficient evidence for the trial court to grant appellee the divorce, custody of the children, and to make the disposition of real estate as was done.

It is our further opinion that the decision of the court was not contrary to law, and applying the test in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, which is:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

we are of the opinion that the trial court's decision is not contrary to law.

Finding no error in the record, this cause is affirmed.

Costs versus appellant.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 589.