DRAGOO v. DRAGOO.

[No. 19,509. Filed May 16, 1962.]

*Robert W. Young, Acher, Young, & Pushor, James B. Young,* and *Pogue, Young & Jones,* all of Franklin, for appellant.

*Allen E. Goltra,* and *Goltra & Kershaw,* of Columbus, for appellee.

AX, J.—Appellant (plaintiff below) was awarded an absolute divorce on her amended complaint charging her husband with cruel and inhuman treatment. She was further awarded custody of their five minor children with weekly support in the sum of $40.00, a two-story frame residence of a value of $11,000.00 subject to a mortgage debt of approximately $1,000.00, and all household goods which she owned prior to her marriage. In addition the court ordered appellee to pay additional attorney fees to appellant's attorney in the sum of $275.00, which was in addition to a preliminary attorney fee of $125.00.

The appellee, by the terms of the judgment, was permitted to retain ownership of a concrete block house, used as a warehouse, of a value of $3,200.00, a 93-1/2 acre farm of a value of $27,000.00, and a 100 acre farm adjacent thereto, valued at $30,000.00, all subject to mortgages and debts in the amount of $18,000.00. In addition appellee was permitted to retain all personal property not ordered given to appellant.

There was no evidence in the record of values of the personal property given to either appellant or appellee by the decree.

Appellant, satisfied with her grant of an absolute divorce, nevertheless has brought this appeal, challenging the discretion of the judge of the lower court in not awarding her alimony of a minimum net value of $14,333.00 which she claims to be one-third of the net estate of appellee instead of alimony valued at only $10,000.00. In addition, appellant has claimed that the judge abused his discretion in only awarding her the amount of $40.00 per week as support for her five minor children and additional attorney fees for her attorney only in the amount of $275.00.

The undisputed evidence in this case tends to show that the entire estate of the parties hereto, other than the household goods and personal property of an undetermined value, had a gross value of $71,200.00, agreed to by both appellant and appellee in their briefs. Appellant claims that the debts against this are $28,000.00, leaving a net estate of $43,200.00, and appellee by his brief accepted this amount as being correct.

The undisputed evidence herein also shows that appellee's physical condition at the time of the divorce was such that he was crippled from 3 or 4 accidents, suffered arthritis in his back and was permanently unable to work due to physical impairment. His income, therefore, must come from the property which was left to him by the court. The only evidence as to income which he received from the properties remaining in his name shows that the block warehouse was rented for the sum of $38.00 per month, that the 93-1/2 acre farm was rented for the three years preceding the divorce for a net of $200.00 per year over and above all taxes and expenses. There was no evidence in the record as to how much appellee was earning from renting the 100 acre farm, and no evidence in the record of what the prospective earnings of appellee would be for all three of the parcels of real estate after the divorce.

The evidence herein also shows that all of the parcels of real estate were in the name of appellee and had been obtained by him from his father by way of a settlement for past services rendered by appellee in joint farming with his father and brothers. Appellee had quit farming in 1956 because he was physically unable to continue actively farming. The 93-1/2 acre farm had been obtained by appellee in

1951 from his father as a settlement for his past ten years of joint farming with his father and brother. It was taken subject to a mortgage of $5,000.00 which has been paid. The house which was given by the court to appellant was obtained by appellee from his father in 1956 for an exchange of farm equipment, tools and grain. The block warehouse was acquired by appellee from his father in 1950 in exchange for the interest of appellee in a truck owned with his father, which truck had been traded for the block warehouse. The 100 acre farm was acquired by appellee in 1958 for $16,000.00 from his father. Appellee mortgaged his 93-1/2 acre farm for $10,000.00 in order to pay his father a down payment of $9,000.00, leaving a balance of $7,000.00 still unpaid on said farm.

The evidence also shows that for the six calendar years preceding the filing of the divorce action the yearly adjusted gross income of appellee on which he paid taxes was as follows:

| | |
|---|---|
| Year 1959 | $2027.66 |
| Year 1958 | 801.12 |
| Year 1957 | 3986.03 |
| Year 1956 | 7965.98 |
| Year 1955 | 4154.70 |

The statutory rule relative to alimony is set out in Burns' 1946 Replacement, §3-1218, 1961 Supplement, part 2, and provides in part:

"The court shall fix the amount of alimony . . . which in his discretion he deems to be just and proper under all of the evidence, . . . In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and may order the transfer of property as between the parties, whether real, personal or mixed and whether

title at the time of the trial is held by the parties jointly or by one of them individually. . . ."

Appellant contends that the court abused its discretion in not awarding her a minimum of one-third of the net estate of appellee, basing this contention on the standard that has been propounded for the guidance of trial courts which is that an innocent and injured spouse should receive such sum as would leave her in as good condition as she would have been in had she been a surviving wife upon her husband's death, in other words, she should receive the same amount she would receive in accordance with the laws of intestate succession. *Glick* v. *Glick* (1927), 86 Ind. App. 593, 159 N. E. 33; *Ferguson* v. *Ferguson* (1955), 125 Ind. App. 596, 125 N. E. 2d 816; *Temme* v. *Temme* (1937), 103 Ind. App. 569, 9 N. E. 2d 111; *Dissette et al.* v. *Dissette* (1935), 208 Ind. 567, 196 N. E. 684; *Musselman* v. *Musselman* (1873), 44 Ind. 106.

The question of whether there has been an abuse of discretion must be apparent upon the face of the record. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N. E. 2d 70. In that case our court quoted with approval the following:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. The exercise of the lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal." *McFarlan* v. *Fowler Bank City Trust Co. et al.* (1938), 214 Ind. 10, 14.

In the case of *Ferguson* v. *Ferguson, supra,* at page 602, Judge Bowen, speaking for our Court, stated:

"It is well settled in this State that the amount of alimony to be awarded in each case must be dependent upon the circumstances of such case. The case law has established a pattern under our statute to be used as a guide in the determination of alimony, by which the trial court may take into consideration the financial condition of the husband, the source of any property owned by him, his income, ability to earn money, the conduct of the parties toward each other, and the wife's separate estate. . . ."

It seems apparent that the trial court applied these standards in arriving at its conclusion.

In this case at bar the appellee owned all of the property in his name alone. All of the property was real property which he had acquired from his father.

The appellee was crippled and unable to work. His income must therefore come from his property. He will have to depend upon rental income from all of his properties or farm by hiring labor. There is no evidence in the record that he will ever be able to earn from such rentals the net amount of $2080.00 per year which the trial court ordered him to pay as support for his minor children.

It is obvious that the court had the best interests of the children in mind when this judgment was made. He gave the wife and children a place to live where the children could go to city schools and left the husband enough property so he could pay support money. Had the court taken any more property from the appellee it probably would have been impossible for him to have met the weekly support order.

Under the circumstances of the case, taking into consideration the standards applied in the *Ferguson*

case, *supra*, it appears obvious that the court did not make an erroneous conclusion and judgment clearly against the logic and effect of the facts and circumstances before the court, and consequently we find no abuse of discretion in the award of alimony to appellant.

In regards to the contention of appellant that the court abused its discretion in awarding only $40.00 per week support for her children, appellant has failed to make any argument or cite any cases to show that said sum is unreasonable. Hence, under our Rule 2-17, such argument is waived. However, in the interest of the welfare of the children, we have looked at the evidence in the record and we find that the only evidence of the amount necessary for appellant to support both herself and her children was $50.00 per week. Since the award of the court was support for the children only, we can not say that the court abused its discretion in setting the support at $40.00 per week. No settled rule can be invoked to control the discretion of the court in granting support for the children in a divorce action. *Dissette* v. *Dissette, supra.* The amount of support is based on the necessities considering the station in life of the parties and the particular facts and circumstances in the case, including the amount of the husband's property and his ability to earn money. See West's I.L.E., Vol. 10, §170, Ch. 6, p. 662, and cases cited therein. While the discretion of the trial court in matters relative to the support of minor children in the divorce proceeding is a judicial one and subject to review, the determination of the court below will not be disturbed or interferred with on appeal unless an abuse of discretion is clearly shown. *Poppe* v. *Poppe* (1944), 114 Ind. App. 348, 52 N. E. 2d 506. In

reviewing a judgment as to support of children, the reviewing court will make every reasonable presumption in favor of the acts of the trial court. West's I. L. E., Vol. 10, Ch. 6, §175, p. 673.

> It is generally well recognized that support orders are subject to modification at any time by the court during minority of children, as circumstances and needs change.

In the case before us, considering the only evidence before the trial court of $50.00 per week being a reasonable amount to support both the appellant and the children, and considering the father's earning power and ability to pay, we can not state that the court below abused its discretion in the award of $40.00 per week as support only for the minor children.

Appellant argues that the court abused its discretion in not awarding a total fee of $1100.00 for her attorney since the undisputed evidence was that the reasonable value of the services rendered by the attorney for the appellant in this case was $1100.00.

Burns' Indiana Statutes Vol. 2, part 2, 1946 Replacement, §3-1216, provides in part as follows:

> ". . . And, on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition including a reasonable sum for the services of the attorney representing such wife which sum for attorney fee shall be payable direct to said attorney and the order for the same shall be in the name of said attorney, when such divorce has been granted or refused: . . ."

A resume of the entire testimony of the one disinterested witness for appellant relative to a reason-

able fee in this case submitted by appellant in her brief and accepted by appellee is as follows:

"My name is John Pushor, and I live in New Whiteland, Indiana. I am an attorney and admitted to the practice of law in the State of Kansas in June, 1957, and in the State of Indiana in December, 1957. Since that date I have practiced in the State of Indiana.

"I am familiar with the schedule of the minimum fees for legal services of the Eighth Judicial Bar Association. Assuming that I represented a wife in a divorce case against her husband, filed a complaint for limited divorce to which an answer and cross complaint was filed. Assuming further, thereafter I filed a complaint for absolute divorce and as a part of the proceeding a change of venue is taken by the defendant, a change of judge is taken by the plaintiff, I enter upon the trial of that cause and try for a day and spend time with the necessary conferences and appraisal that was made in this case and do all of the things attendant upon representing a wife, including a preliminary hearing on support and attorney fees, I have, and am of the opinion that a reasonable fee for the wife's attorney in the situation as outlined would be $1100.00."

The appellee did not cross-examine nor did he introduce any conflicting evidence.

The record discloses that the court awarded the sum of $125.00 as preliminary attorney's fees and an additional sum, at the time of the divorce of $275.00.

Appellant contends that the court was bound to award $1100.00 as the fee for her attorney since the evidence was undisputed and uncontradicted.

We have found no Indiana divorce case that directly answers the question of whether the court is bound to allow attorney's fees in the amount of un-

contradicted expert testimony. However, a similar statute, relating to Mechanic's Liens, at Burns' §43-707, 1952 Replacement, part 2, provides that if a plaintiff recover judgment in any sum the court shall allow a reasonable attorney fee. Under this statute in the case of *Dunn* v. *Deitschel* (1930), 204 Ind. 269, 169 N. E. 529, the Supreme Court held that uncontradicted expert opinion evidence as to the value of attorney's services is not conclusive or binding upon the court. The court went on to say that this is especially true in the case of a court which is itself an expert as to the value of attorneys' services and may apply its own knowledge and professional experience in determining the value of the services rendered.

Other than the above testimony of a disinterested attorney, there was no evidence introduced by appellant concerning services furnished by appellant's attorney in this action. The hypothetical question asked of the disinterested witness was not based upon any evidence of services performed by appellant's attorney in this case. Therefore, the trial judge properly could have completely ignored the testimony of the disinterested attorney and could have used his own judgment as to what a reasonable fee should be for services which he knew from the record were performed by the attorney for the appellant.

This court, in the case of *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560, held that in the absence of evidence of what would be a reasonable fee for services of appellant's attorney no error was committed by the trial court for failure to make any allowance of attorney fees.

We find no abuse of the discretion of the trial judge in awarding an additional fee of $275.00 to appellant's attorney for a total fee in this case of $400.00.

Judgment affirmed.

Ryan, C. J., Myers, J., and Cooper, J., concur.

NOTE.—Reported in 182 N. E. 2d 434.