BARBARA DONER *v.* ALAN DONER.

[No. 1-673A122. Filed October 30, 1973.]

*Trockman, Flynn & Swain,* of Evansville, for appellant.

*Rice & Vanstone,* of Evansville, for appellee.

ROBERTSON, P.J.—This appeal arises from a decree entered for the defendant-appellant Barbara Doner (Barbara) on her cross-complaint for absolute divorce against plaintiff-appellee Alan Doner (Alan).

On appeal Barbara asserts:

1.   The trial court abused its discretion in not awarding alimony to her.

2.   The trial court abused its discretion in awarding only $30 per week in child support for the parties' two year old daughter, and

3.   The trial court erred in excluding certain testimony offered by Barbara concerning the child's support needs.

Appellant Barbara has an apparent misconception of alimony. The Indiana Supreme Court in *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612, stated:

". . . Alimony is awarded in Indiana for the purpose of making a present and complete settlement of the property rights of the parties. It does not include future support for the wife, nor is it intended as a medium for providing financial compensation for injured sensitivities during marriage. The primary factor in fixing the alimony is the existing property of the parties." 235 Ind. 214, 132 N.E.2d at 614.

In Indiana, alimony is a property settlement worked out by the trial court. In the instant case the record shows the value of the property accumulated during the marriage to be approximately $11,000. In its judgment, the trial court awarded Barbara the household furniture and furnishings with an approximate value of $6,000. The court further ordered that Barbara and Alan share equally in the net real estate equity which amounted to around $1,750 each. Alan was awarded the 1972 model family automobile on which there was a mortgage. Thus Barbara received by court order $7,750 while Alan received $1,750 plus a mortgaged car, the estimated value of which does not appear in the record. Although not awarded by the trial court's judgment, the sum of $575 was also received by Barbara when she withdrew the balance from a joint savings account at some time between the time Alan left home and the commencement of divorce proceedings.

Our divorce statute expressly provides that a court may require alimony to be paid in "money, other property, or both, and may order the transfer of property as between the parties. . . ." IC 31-1-12-17, Ind. Ann. Stat. § 3-1218 (Burns 1968). Barbara's contention that the trial court abused its discretion by not awarding her alimony is clearly without merit as the record indicates that such an award was made.

Barbara next contends that the trial court abused its discretion in awarding only $30 per week in child support. This

court has recognized the following to be the controlling law on this issue:

". . . No settled rule can be invoked to control the discretion of the court in granting support for the children in a divorce action. (Citations omitted). The amount of support is based on the necessities considering the station in life of the parties and the particular facts and circumstances in the case, including the amount of the husband's property and his ability to earn money. (Citations omitted). While the discretion of the trial court in matters relative to the support of minor children in the divorce proceeding is a judicial one and subject to review, the determination of the court below will not be disturbed or interferred with on appeal unless an abuse of discretion is clearly shown. (Citations omitted). In reviewing a judgment as to support of children, the reviewing court will make every reasonable presumption in favor of the acts of the trial court. (Citations omitted)." *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 401; 182 N.E.2d 434, 438.

*Bill* v. *Bill* (1972), 155 Ind. App. 65, 290 N.E.2d 749, quoting from *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N.E.2d 752, defines an abuse of discretion as:

" '. . . an erroneous conclusion in judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.' " 290 N.E.2d at 757, 758.

Barbara bases her argument on the proposition that a child support award should be based on two factors—the father's ability to pay, and the child's needs. With this we cannot disagree, as these factors are certainly important considerations and are encompassed in the factors set forth above in *Dragoo, supra*. As evidence of Alan's ability to pay, Barbara points out that his gross annual income is $14,500, and that $30 per week amounts to only 11 percent of that figure. Alan's take home pay of over $750 per month is enough, Barbara claims, to discharge the child's support needs

of $100 per week, or roughly $400 per month, exclusive of medical expenses.

To back up her claim of a need of $100 per week for the child, Barbara points out that before the breakup of the family the minimum monthly expenditures for the three was $622. After the breakup, with Barbara and the child having moved to New York, Barbara asserts her monthly expenditures for her and the child are $560. The attempts to further buttress the acuteness of the child's needs by showing that these needs were recognized by the public welfare agency in New York which resulted in her receiving roughly $193 in monthly assistance.

Barbara has failed to substantiate her claim of abuse of discretion. Although it would possibly be within Alan's ability to pay more than $30 per week in child support, that alone is not a showing of an abuse of discretion. The record does not reveal substantiation of Barbara's assertion that $400 of her $560 monthly budget is directly attributable to the child. We do note, however, that what we view as an evidentiary failure may be overcome in a subsequent petition to modify the support when, and if, circumstances warrant. In any event, Barbara has not demonstrated an abuse of discretion as prescribed by *Dragoo, supra*.

The final issue raised by Barbara is whether the trial court erred in excluding certain testimony. Barbara called as a witness one Mr. Goldbard who was present at a meeting between Barbara and Alan after the breakup and before the divorce proceedings. Goldbard was to corroborate Barbara's earlier testimony, denied by Alan, that Alan agreed to pay support of $400 per month. On appeal Barbara argues that this testimony was relevant to show an admission by Alan of the approximate *support needs of the child*. However, in the offer of proof made in the trial court of Goldbard's testimony, Barbara's counsel stated that he was attempting to show that Alan agreed to pay that sum for the *support of both* Barbara

and child. We reject Barbara's asseriton of error for the reason that she has failed to present any cogent argument as to how she was harmed by the exclusion of the offered testimony. See *Hitch* v. *State* (1972), 259 Ind. 2, 284 N.E.2d 783; *Wright* v. *State* (1958), 237 Ind. 593, 147 N.E.2d 551.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 302 N.E.2d 511.