JANICE ALMA CARLILE (HAYES) *v.* CLYDE EDWARD CARLILE.

[No. 1-974A131. Filed June 30, 1975.]

*John D. Clouse,* of Evansville, for appellant.

LYBROOK, J.—Plaintiff-appellant Janice Carlile (Hayes) appeals from a judgment modifying defendant-appellee Clyde Carlile's obligation for support of the parties' three minor children. The sole issue is whether the trial judge abused his discretion in awarding the modification. We affirm.

The record reveals that the marriage of plaintiff and defendant was dissolved on June 16, 1972, by a decree of divorce which in pertinent part provided as follows:

"IT IS, THEREFORE, CONSIDERED, ADJUDGED AND DECREED that plaintiff be, and she is hereby, granted an absolute divorce from the defendant.

"IT IS FURTHER ORDERED AND ADJUDGED that plaintiff have the care and custody of parties' minor children, namely, Tamara, aged 9 years, Scott, aged 8 years and Bonnie, aged 7 years, provided, however, that the defendant shall have the right and privilege of temporary visitation and temporary custody of said children at any reasonable times, and provided further that the defendant pay the sum of Fifty Dollars ($50.00) per week to the Clerk of this Court for the support and maintenance of said minor children, and, in addition thereto, pay their reasonable hospital, medical and dental expenses.

\* \* \*

"IT IS FURTHER ADJUDGED that the plaintiff is the owner of the parties' real estate at what is commonly known and described as 3209 Sheridan in Evansville, Indiana, subject to the first mortgage thereon which plaintiff has assumed and agreed to pay, but not subject to the second mortgage thereon which defendant has agreed to pay.

"IT IS FURTHER ADJUDGED that the plaintiff is the owner of the parties' household furniture and furnishings and a certain 1965 model Buick automobile.

"IT IS FURTHER ORDERED AND ADJUDGED that the defendant pay those obligations which he was ordered to pay in the entry pendente lite of this court made on the 4th day of February, 1972, including, without being limited to, the defendant's obligation at the Fraternal Order of Police Credit Union."

Thereafter, on August 15, 1973, defendant filed a petition for modification of support seeking (1) that the weekly payment be reduced from $50.00 to $30.00 and (2) that he be relieved of his obligation to pay the second mortgage on the parties' marital residence. The trial judge granted defendant's petition in part, reducing his child support obligation to $30.00 per week during the time defendant was paying on the second mortgage.

Relevant to our determination herein are the following statutes which provide guidelines for the awarding and modification of child support:

"Child support.— (a) . . . [T]he court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

(1) the financial resources of the custodial parent;

(2) standard of living the child would have enjoyed had the marriage not been dissolved;

(3) physical or mental condition of the child and his educational needs; and

(4) financial resources and needs of the non-custodial parent." IC 1971, 31-1-11.5-12 (Burns Code Ed. 1974 Supp.).

"Provisions of an order with respect to child support may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable . . ." IC 1971, 31-1-11.5-17 (Burns Code Ed. 1974 Supp.).

Reflected by these statutes is the legislative intent that a support order be based upon proper and reasonable grounds, and be altered only for substantial reasons. When confronted with a petition to modify a support order, the trial judge should consider the totality of the circumstances in the particular case in view of the statutory language to ascertain whether the support order has become unreasonable so as to warrant its modification. Such a determination, by necessity, commands an exercise in sound judicial discretion. On appeal, the award or denial of modification is therefore reviewable only for an abuse of judicial discretion. *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434. Further, in reviewing a judgment modifying support, this court will not weigh the evidence nor substitute its judgment for that of the trial judge. Rather, we make every reasonable assumption in favor of the decision of the trial court. *Lipner* v. *Lipner* (1971), 256 Ind. 151, 267 N.E.2d 393. If from that viewpoint there is any substantial evidence to support the finding of the trial court, it must be affirmed. *Winkler* v. *Winkler* (1969), 252 Ind. 136, 246 N.E.2d 375.

At the evidentiary hearing on defendant's petition it was revealed that at the time of the divorce defendant was working two jobs and earning a monthly net income of $680-$702. At the time of his petition for modification defendant was

also working two jobs but his monthly net income had decreased to about $672.00. Under the divorce decree, defendant's monthly obligations for debts and support totalled $560.60 each month, leaving him approximately $111.40 per month at the time of his petition. Additionally, subsequent to the divorce both plaintiff and defendant had remarried. Defendant and his new wife lived in a duplex while plaintiff and her husband were residing in the parties' former marital residence on which defendant was paying the second mortgage. Plaintiff's exhibit B reveals that both plaintiff and her new husband are employed, while the record is silent as to whether defendant's new wife is employed.

Viewing the above evidence in a light most favorable to the trial court's finding, we are unable to say as a matter of law that there was no substantial evidence to support the finding. Both the financial resources of the custodial parent and the financial resources and needs of the non-custodial parent have changed since the divorce. Further, it is not unreasonable to believe that plaintiff's new husband is contributing significantly to the payment of expenses appurtenant to the operation of his new household.

We therefore find no abuse of discretion demonstrated in the trial court's modification of defendant's obligation for child support under the circumstances of this case. The judgment below is in all respects affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

Note.—Reported at 330 N.E.2d 349.