SHARON A. VANCE v. MARVIN G. HAMPTON.

[No. 1-1174A174. Filed November 20, 1975.]

*Lind, Deckard, O'Brien & Lawson,* of Danville, for appellant.

*Kendall, Stevenson, Howard & Lowry,* of Danville, *Marshall E. Williams,* of Indianapolis, for appellee.

LYBROOK, J.—Plaintiff-appellant Sharon A. Vance appeals from a judgment in favor of defendant-appellee Marvin G. Hampton on her petition to modify the child support obligations and visitation rights of Hampton. The following issues are presented for review:

(1) Whether exclusion of certain evidence on grounds of remoteness was reversible error.

(2) Whether the trial judge abused his discretion in denying plaintiff's petition.

The record reveals that on November 11, 1971, plaintiff was awarded an absolute divorce from defendant. At that time the trial judge approved without modification a property settlement agreement reached by plaintiff and defendant. The

agreement resolved the parties' respective rights and obligations to the marital property and established child custody, visitation, and terms of support. In pertinent part the agreement provided.

"1. The Plaintiff shall have custody of Timothy T. Hampton age approximately 3½ years, and Michele L. Hampton, age 6 months.

2. The Defendant shall ahve [sic] reasonable visiting privileges with said children, and the right to take them out at reasonable times, and Defendant shall be granted one nomths [sic] custody of children during the summer during school vacation. It is further agreed that for the one month period Defendant shall be relieved of the payment of support since he will be having said children.

3. The Defendant shall pay to the Clerk of the Hendricks Superior Court the sum of One Hundred ($100.00) Dollars every two weeks, the first payment to be due on the 19th day of November, 1971, and each two weeks thereafter.

4. If said Plaintiff should remarry, then and in that event the support payments shall be reduced to Twenty-five Dollars ($25.00) per week for both of said children.

5. The defendant shall have the right to claim both children as dependents for income tax purposes.

* * *

10. It is further agreed that the Defendant will pay for any medical expenses above that incurred above the medical insurance policy limitation, provided that the Plaintiff will inform said Defendant of the occurrence of such additional obligations.

11. It is further agreed that Defendant will pay any and all reasonable dental and optical costs, but Plaintiff is to advise Defendant of all such pending circumstances as and when required."

Two days after obtaining the divorce, plaintiff married one Chris Vance. Since that time, defendant has complied with the terms of the property settlement agreement and has paid child support of $25.00 each week.

On March 8, 1974, plaintiff's marriage to Vance was dissolved, and she was granted custody of the one child born to

that marriage. Twenty-six (26) days later plaintiff filed a petition to modify defendant's visitation rights and to increase defendant's obligation for child support. The petition sought to have the child support payments increased to $100 every two weeks notwithstanding the language of the property settlement agreement which provided that the payments were to be $25.00 per week. From the denial of her petition, plaintiff initiated this appeal.

## I.

At hearing, plaintiff attempted to introduce evidence in support of her contention that defendant's visitation rights with the minor children should be modified. A significant portion of that evidence was directed toward the alleged dangerous propensities of defendant's new wife. In the course of plaintiff's testimony the following exchange ensued:

"Q. Do you know anyother [sic] facts why you wouldn't want this lady to take care of your children?
A. I know of two times for sure that the rescue squad from Avon was called to her home because she had taken pills.
MR. KENDALL: (Interposing) May I ask her a question on that, your honor?
THE COURT: Yes.
QUESTIONS BY MR. KENDALL:
Q. How long ago was that?
A. That was before they were married.
MR. KENDALL: (Interposing objection) I move you strike it out as being too far remote.
THE COURT: Objection sustained."

Plaintiff maintains that this ruling was erroneous because the testimony shows that the defendant's new wife attempted to commit suicide, a fact bearing greatly upon whether she was dangerous to plaintiff's two children. Plaintiff argues that she was prejudiced by the exclusion of such testimony. We do not agree.

While we do not dispute plaintiff's assertion that an attempted suicide by defendant's new wife would be relevant evidence on the issue of modification of defendant's visitation rights, we find no reversible error in the instant case. Any prejudice to plaintiff as a result of the above ruling was cured by the subsequent testimony of defendant's new wife explaining the occurrence:

"Q. And the Avon Rescue Squad never came out?
A. Yes, the Avon Rescue did come, but it didn't come to my house.
Q. Where did it come?
A. It came to a neighbor's house.
Q. Were you at the neighbor's house?
A. Yes, I was and the neighbor's house where I was is sitting outside and you can ask her that cause she was there when it all took place.
Q. I see. What took place?
A. When the Rescue Squad came?
Q. Well, why did they come?
A. They were Darvon. Because she called them because I had taken too many pills. They were prescribed by my doctor. I was taking four or five different kinds of medication because I had two ulcers and stomach problems."

Inasmuch as this testimony explained the incident to which plaintiff's testimony was excluded, we find any error under this issue to be harmless. *See,* Ind. Rules of Procedure, Trial Rule 61.

## II.

Finally, plaintiff maintains that the trial court abused its discretion in denying her petition to modify defendant's obligation for child support. We do not agree.

Relevant to our determination herein are the following statutes which provide guidelines for the awarding and modification of child support:

*"Child support.*— (a) In an action pursuant to section 3 (a) or (b) [subsections (a) and (b) of 31-1-11.5-3], the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

(1) the financial resources of the custodial parent;

(2) standard of living the child would have enjoyed had the marriage not been dissolved;

(3) physical or mental condition of the child and his educational needs; and

(4) financial resources and needs of the non-custodial parent. . . ." IC 1971, 31-1-11.5-12 (Burns Code Ed. 1975 Supp.)

"(a) Provisions of an order with respect to child support may be modified or revoked. Such modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. . . ." IC 1971, 31-1-11.5-17 (Burns Code Ed. 1975 Supp.)

In *Carlile* v. *Carlile* (1975), 164 Ind. App. 615, 330 N.E.2d 349, this court stated:

"Reflected by these statutes is the legislative intent that a support order be based upon proper and reasonable grounds, and be altered only for substantial reasons. When confronted with a petition to modify a support order, the trial judge should consider the totality of the circumstances in the particular case in view of the statutory language to ascertain whether the support order has become unreasonable so as to warrant its modification. Such a determination, by necessity, commands an exercise in sound judicial discretion. On appeal, the award or denial of modification is therefore reviewable only for an abuse of judicial discretion. *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434. Further, in reviewing a judgment modifying support, this court will not weigh the evidence nor substitute its judgment for that of the trial judge. Rather, we make every reasonable assumption in favor of the decision of the trial court. *Lipner* v. *Lipner* (1971), 256 Ind. 151, 267 N.E.2d 393. If from that viewpoint there is any substantial evidence to support the finding of the trial court, it must be affirmed. *Winkler* v. *Winkler* (1969), 252 Ind. 136, 246 N.E.2d 375."

Examining the evidence most favorable to the decision of the trial court, we find no abuse of discretion demonstrated. Defendant's financial situation reflects a net monthly income of approximately $645 and monthly expenses of approximately $790. Moreover, these expenses do not include a $1,000 note, $8,000 owed by defendant to his father, $369 in unpaid taxes owed by defendant, and a commission deficit of approximately $1100 owed by defendant to his employer. Additionally, since the divorce, defendant had remarried and was supporting his new wife and her two children.

Plaintiff's financial summary since her second divorce is not as bleak as defendant's. She was employed and was earning a net weekly income of about $30 after subtracting taxes, gasoline, and baby-sitting expenses. This income plus child support received from both ex-husbands totalled $325.00 per month (assuming 52 weeks per year and 12 months per year). Her monthly expenses included food ($140), mortgage ($119), gas heat ($30 during the winter), water and electricity ($23), and telephone ($18) for a maximum possible total of $330. Moreover, by plaintiff's own testimony, she expected to increase her income by quitting her job and becoming a baby-sitter.

Under these circumstances, we conclude that plaintiff has failed to demonstrate that there has been changed circumstances so substantial and continuing that the child support award of $25 per week has become unreasonable. The trial court did not abuse its discretion in denying plaintiff the relief requested. The judgment below is hereby affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 337 N.E.2d 154.