Delores LEGGE, Appellant–Plaintiff,

v.

Gaylord LEGGE, Appellee–Defendant.

No. 49A02–9302–CV–67.[1]

Court of Appeals of Indiana,
First District.

Aug. 10, 1993.

William M. Hawkins, Indianapolis, for appellant-plaintiff.

Ronald D. Casey, Indianapolis, for appellee-defendant.

ROBERTSON, Judge.

Gaylord Legge appeals the trial court's registration and enforcement by contempt of a South Carolina court's order for the support and maintenance of his ex-wife, Delores, under the Uniform Reciprocal Enforcement of Support Act (URESA). Gaylord raises two (2) issues, neither of which constitutes reversible error.

### FACTS

The facts in the light most favorable to the trial court's judgment indicate that on December 13, 1990, the Family Court for the County of Charleston, State of South Carolina, entered a Consent Order and Final Decree of Divorce which provided, among other orders, that Gaylord was to pay Delores:

> his retirement check, currently in the sum of $702.00 per month as alimony with an allowance for any increases in said retirement. All increases will also be paid over to the Plaintiff. Said payments to be continued for a period not to exceed five years from the date of this order or until the wife remarries, whichever comes first.

The South Carolina divorce decree refers to the payment at issue as "alimony" and also as "separate maintenance and support."

After the divorce, Gaylord relocated to Indiana and failed to make the required alimony payments. Delores filed the present petition for registration and enforcement of the order under URESA. After a hearing, the trial court registered the order, found Gaylord in contempt for failing to pay the amounts required, established

1. This case was transferred to this office on July 26, 1993, by direction of the Chief Judge.

an arrearage of $9,828.00, ordered Gaylord to pay $702.00 per month to Delores, and to pay an additional $200.00 per month until the arrearage is satisfied.

## DECISION

Whether the trial court's assumption of jurisdiction and registration of the South Carolina order under URESA was erroneous?

Gaylord asserts that the South Carolina order is not a support order, but is instead, a property settlement. He points out that in Indiana, the term alimony has been used to describe property settlements, citing *Doner v. Doner* (1973), 158 Ind.App. 306, 302 N.E.2d 511 and *Smith v. Smith* (1960), 131 Ind.App. 38, 169 N.E.2d 130. He also asserts that the trial court's invocation of URESA was erroneous because there were no children of the marriage and URESA may only be invoked to enforce child support orders. Therefore, Gaylord argues that, because URESA may be invoked only to enforce child support orders, the trial court's assumption of jurisdiction and registration of the order for enforcement in Indiana under URESA was erroneous.

The purpose of URESA, as provided under Ind.Code 31-2-1-25 et seq., is to improve and extend by reciprocal legislation enforcement of duties of support. I.C. 31-2-1-1. The duties of support appropriately enforced under URESA include orders for spousal support. I.C. 31-2-1-4; 31-2-1-2(f).

We acknowledge the ambiguous nature of the term "alimony" under Indiana law. However, "alimony" is defined as follows:

> Comes from Latin "alimonia" meaning sustenance, and means, therefore the sustenance or support of the wife by her divorced husband....

Black's Law Dictionary 67 (5th ed. 1979). More importantly, there is no ambiguity regarding the nature of the South Carolina order under review. The divorce decree in question uses the terms "alimony" and "separate maintenance and support" interchangeably in reference to the payments ordered. Moreover, the fact the payments are contingent upon Delores' remarriage indicates that the payments ordered are in the nature of spousal support. *Wilhelm v. Wilhelm* (1979), Ind.App., 397 N.E.2d 1079.

The South Carolina order under review is an order for spousal support which may be appropriately enforced under URESA. Therefore, the trial court did not err in assuming jurisdiction and registering the order for enforcement in Indiana under URESA.

## II.

Whether the trial court erred by invoking its power of contempt to enforce the South Carolina order?

Gaylord again argues that the order in question is in the nature of a property settlement and not support. He argues, therefore, the trial court may not invoke its power of contempt to enforce the order, citing *Schutz v. Marion Superior Court, Room No. 7* (1974), 261 Ind. 535, 307 N.E.2d 53. The *Schutz* case involved the payment of a sum certain under a divorce decree as judgment debt or an alimony judgment not appropriately enforced by contempt.

As noted above, the South Carolina order is one for spousal support. Orders for spousal support may appropriately be enforced by contempt. *Thompson v. Thompson* (1984), Ind.App., 458 N.E.2d 298. Therefore, we find no error.

Judgment affirmed.

NAJAM and SHARPNACK, JJ., concur.